EVANS LAUNDRY COMPANY V. ORVA W. CRAWFORD.*

FILED JANUARY 21, 1903.  No. 11,975.

1. **Servant: ASSUMED RISK: NEGLIGENCE.** A servant who engages in any employment is deemed as a matter of law to have contracted with reference to the ordinary hazards and risks incident thereto and to have assumed the same; and for any injury resulting therefrom, without negligence on the part of the master, the latter can not be held liable to respond in damages therefor.

2. **Assumed Risks: RULE OF LAW: INFANTS.** The rule of law as to the assumption of the ordinary risks incident to an employment, applies to infants as well as to adults.

3. **Master and Servant: INJURY TO SERVANT: ASSUMED RISK: PLEADING: ANSWER.** It is not required that the master who is sued by a servant for an injury received while engaged in the line of his employment, shall plead in his answer that the servant assumed the usual and ordinary risks and hazards incident to the service, in order to be entitled to an instruction to the jury as to the rule of law regarding such assumed risks.

4. **Assumption of Risk as a Defense Must Be Specially Pleaded.** Where the assumption of a risk not usually and ordinarily incident to the employment is relied on as a defense in an action against the master for negligence, such assumption of risk must be specially pleaded.

5. **Knowledge of Employer: DUTY OF MASTER.** If an employer has knowledge that the servant will be exposed to risks and dangers in any labor to which he is assigned, and knows or ought to know that the servant is for any cause disqualified to know, appreciate and avoid such dangers, the same not being obvious to the servant, then it becomes the master's duty to give such reasonable cautions and instructions as to reasonably enable the servant, exercising due care, to do the work with safety to himself; and a failure to do so renders the master guilty of a breach of duty, for which he would be legally responsible.

6. **Hazardous Employment: INFANT SERVANT: DUTY OF MASTER.** Likewise an infant engaging in a hazardous employment is entitled to warning from the master of dangers which, on account of youth and inexperience, he does not comprehend and appreciate; and if such warnings be not given, or if they be inadequate, the master is in fault and must answer for the consequences.

7. **Inexperience: YOUTH: INSTRUCTIONS: MASTER'S DUTY.** When, from

Syllabus by court; catch-words by editor.

* Opinion filed denying rehearing. See page 164, *post*.

inexperience or disqualifying causes, by reason of youth or otherwise, the duty devolves upon the master to give such reasonable instructions and cautions to the servant regarding dangers in the performance of his duties as will .best avoid an injury by reason of such dangers, and the master has done so, then the servant is upon the same footing as any other employee and is deemed in law to have assumed the usual and ordinary risk incident to his employment.

8. **Instruction: Acts: Proximate Cause of Injury: Negligence: Assumption of Risk.** An instruction that before the jury could return a verdict against the defendant for alleged negligence, it must be found that the defendant was guilty of the acts of negligence, or some of them, alleged in the plaintiff's petition, and that such negligence was the proximate cause of the injury complained of, does not embody the principle of the assumption of ordinary risks, and render errorless the refusal of the trial court to give an instruction as to the assumption by the servant of the ordinary hazards and risks incident to the business.·

9. **Instruction.** Instruction copied in the opinion *held* to state a correct rule of law, and the refusal to give the same prejudicial error.

Error from the district court for Lancaster county. Action in the nature of case by an employee against an employer for damages received from employer's alleged negligence in the operation of machinery. Tried below before Holmes, J. Verdict for $6,833. Judgment on verdict. *Reversed.*

*Stephen L. Geisthardt* and *Addison S. Tibbets* (*J. W. Deweese,* on motion for rehearing), for plaintiff in error.

*Halleck F. Rose, Wilmer B. Comstock* and *D. J. Flaherty, contra:*

The duty of instructing the servant as to his duties was specially delegated to Bryant. The master, by delegating such authority, assumed repsonsibility for Bryant's acts.

A vice-principal, as the term is used in the law of fellow servants, is a servant who represents the master in the discharge of those personal or absolute duties which every master owes to his servants.

In Crawford's case it is not disputed that the servant about to assume new duties was inexperienced, and that it

was thought necessary by the master himself to undertake the new servant's proper tutelage and instruction. This duty the master, by his own statement, specifically delegated to Bryant. Crawford was placed in charge of Bryant. The demonstrations and oral instructions given by the latter to Crawford, therefore, bind the master as though performed by him personally.

The adjudged cases contain many instances where a mere employee, who is thus charged with the duty of properly instructing other employees, represents the master as vice-principal, and that the master is liable for the negligence of the servant in the discharge of that particular duty. *Pullman's Palace Car Co. v. Harkins,* 55 Fed. Rep., 932; *Burke v. Anderson,* 69 Fed. Rep., 814, 34 U. S. App., 132; *Ft. Smith Oil Co. v. Slover,* 58 Ark., 168; *Wheeler v. Wason Mfg. Co.,* 135 Mass., 294; *Brennan v. Gordon,* 118 N. Y., 489, 16 Am. St. Rep., 775; *Lebbering v. Struthers, Wells & Co.,* 157 Pa. St., 312, 33 Week. No. Cas., 99; *Burns v. Matthews,* 40 N. E. Rep. [N. Y.] (1895)], 731.

HOLCOMB, J.

This cause comes here by proceedings in error, prosecuted by the defendant in the court below, against whom a judgment was recovered by plaintiff on the ground of negligence. The negligence alleged was in respect of the operation of machinery used in connection with a steam laundry of which the defendant was proprietor, and also in relation to the manner of instructing the plaintiff how to operate such machinery; he having just prior thereto engaged himself as a servant in the employ of the defendant company for the purpose of assisting it in the conduct of its business. Several errors are assigned by the defendant company, which are in this court urged as reasons for a reversal of the judgment which plaintiff obtained in the trial court, from which, from an examination thereof, as well as of the entire record, we are of the opinion that to dispose of the case properly, we should confine ourselves to alleged errors relating to the giving and refusing to give

certain instructions to the jury for their guidance in deliberating upon the evidence submitted at the trial. The other errors assigned do not impress us as possessing much merit. To fairly understand the issues, brief reference to the pleadings seems advisable. In the plaintiff's petition it is alleged, in substance, that for a valuable consideration he entered into the defendant's employ to work and labor in and about its laundry; that among the machinery and its appliances used in the business was a machine called a wringer, with which clothes were dried, and when in use revolved at a high rate of speed; that it was an intricate and dangerous piece of machinery, requiring skilled and experienced workmen for its safe and proper operation, and skill and experience was also required to properly place clothes in the said wringer, to operate it safely, and to prevent wabbling in its rotary movements; that it was defective and out of repair and not supplied with a brake or other proper appliance necessary to the safety of the operator. The plaintiff, it is alleged, was at the time under the age of twenty-one years; had not been employed about machinery, was unskilled and inexperienced, and upon entering the employ of the defendant was immediately put to work operating and handling said wringer, without any instructions from the defendant as to how the same should be handled or operated, or how to place the clothes therein, and without being cautioned against the danger of operating the same; that the said machine, when put in rapid motion, revolved irregularly, so that some of the clothes hung out of the wringer; that, by reason of the premises, while plaintiff was attempting to operate said machine and to place the partially laundered clothes therein to be dried, and while endeavoring to stop the wabbling, in obedience to the instructions of the defendant that he should put his hand on top of the machine in case it wabbled, the said machine and clothes caught about the body of the plaintiff, and threw him violently to the ground, breaking his arm, one of his ribs and otherwise injuring him. The answer admits the employment of the plaintiff

and that he suffered an injury while so employed, and denies the other allegations of the petition, and charges the plaintiff with contributory negligence. The wringer, it appears from the record, was a large oval or bowl-shaped kettle, used for drying clothes, which, when put in rapid motion, revolves at the rate of about thirteen hundred revolutions per minute; the water in the clothes being extracted by the centrifugal force thus set in motion. It appears that at the time the plaintiff was a young man of ordinary intelligence, and was within a few days of twenty-one years of age. While he had had some experience with other kinds of machinery, he was without any previous experience in operating machinery such as was in use by the defendant company in the prosecution of its laundry business. He had been at work only about twenty-four hours when the injury was sustained of which he complains. The evidence does not seem to us to support the allegations in the petition to the effect that the machinery was defective and out of repair, and the controversy appears to have narrowed down to the charge that the defendant was negligent in instructing the plaintiff, when he began work, how best to discharge the duties assigned him without injury to himself by reason of the machinery he was using, and in properly cautioning him against the hazard and risks incident thereto. It was the contention of the defendant on the trial that all reasonable instructions and warnings were given to the plaintiff so as to advise him of the dangers of the machinery he came in contact with and how to avoid injury in the prosecution of the work for which he had been employed, and that the injury he suffered was the result of his own negligence.

At the trial of the cause the defendant requested the giving of the following instruction, which was refused by the court, and error is assigned because of such refusal: "Infants as well as adults assume the ordinary risks of the service in which they engage; but an infant engaging in a hazardous employment is entitled to a warning against dangers which a person of his age and experience would

not ordinarily comprehend. Therefore, if you find that the plaintiff Crawford was warned how he might be injured by the machine and that he was warned in such a way as would be sufficient to apprise an ordinary person of his age and experience of the danger, then he assumed the risk and the defendant would not be liable for the injury received from causes against which he was warned." The court gave no instruction covering and including the substance of the one above requested and refused. While it is argued by the defendant that the refusal to give this instruction was prejudicial error, the plaintiff meets the argument by advancing, first, the idea that the assumption of the risks ordinarily incident to any employment must be pleaded by a defendant before he is entitled to have the jury instructed thereon; second, that the instruction is not applicable in this case because of the duty of the master to properly instruct the servant as to the danger connected with the operation of the machinery in the line of his employment with reasonable caution as to how the same may be avoided, which it is alleged the defendant failed to do; and, third, that the instruction as formulated is not a correct exposition of the law. It is a rule we regard as almost elementary in character that a servant, when he engages in any employment, is deemed, as a matter of law, to have contracted with reference to the ordinary hazards and risks incident to his employment, and to have assumed the same, and for any injury resulting therefrom without negligence on the part of the master he can not be held liable. If it were otherwise, then the master would be an insurer against injury to the servant while engaged in the business for which employed. The rule as stated must, we think, be deemed to have been settled in this jurisdiction by the prior decisions of this court. *Chicago, B. & Q. R. Co. v. McGinnis,* 49 Nebr., 649; *Missouri P. R. Co. v. Baxter,* 42 Nebr., 793; *Malm v. Thelin,* 47 Nebr., 686; *Norfolk Beet-Sugar Co. v. Hight,* 59 Nebr., 100; *Omaha Bottling Co. v. Theiler,* 59 Nebr., 257. The rule of the assumption of the **ordinary** risks incident to an employment applies to in-

fants as well as adults.  *Omaha Bottling Co. v. Theiler, supra; Pittsburg, C. & St. L. R. Co. v. Adams,* 105 Ind., 151, 162; *Rock v. Indian Orchard Mills,* 142 Mass., 522.  See, also, Wood, Master and Servant, sec. 368.  In support of the proposition that the assumption of ordinary risk by the servant must be pleaded affirmatively in order to warrant an instruction to the jury as to the law relating thereto, we are cited to cases where the servant, with knowledge of defective machinery or appliances, continued in his employment without objection, in which case it is held the assumption of the risk resulting in the injury must be pleaded as a matter of fact before the master would be entitled to an instruction predicated thereon.  These cases are hardly in point, and apply only to those transactions between master and servant where it is admitted that negligence on the part of the master exists, and as a defense the plea is put forward that the servant continued in the employment with knowledge thereof and without protest, in which case, if found to be true, the law declares that the servant and the master stand on common ground in relation thereto, and that the servant has also assumed such risk in addition to those ordinarily incident to his employment.  This distinction is recognized in *Missouri P. R. Co. v. Baxter, supra,* and *Thompson v. Missouri P. R. Co.,* 51 Nebr., 527, in each of which it is held that if the machinery, tools or appliances furnished the servant by his master are obviously defective and dangerous and the servant, notwithstanding, continues in the service, he thereby assumes the risks of any injury which he may sustain by reason of such defective appliances.

In a very recent case decided by the supreme court of Iowa (*Sankey v. Chicago, R. I. & P. R. Co.,* 118 Ia., 39, 91 N. W. Rep., 820) that court recognizes the distinction as to the pleadings required in such cases.  The court says (p. 45) :  "The trial court did charge the jury as to the plaintiff's assumption of all risks which are naturally or necessarily incident to the service in which he was en-

gaged, and as to the bearing of his knowledge of the custom and practice of the company upon the question of contributory negligence, but this, we think, does not obviate the objection raised by appellant. The assumption of risk by virtue of his employment, is a matter which inheres in plaintiff's case, and the question is sufficiently raised by the defendant's denial of negligence; but assumption of the risk arising from defendant's negligence, if negligence be established, can only be raised by an affirmative plea, and defendant assumes the burden of its proof."

All ordinary risks incident to the employment are assumed, as a matter of law, and are deemed to have entered into the contract of employment. Where negligence is alleged against the master, which he denies, and on the trial of the issue the question of fact to be determined is the alleged negligence, the defendant is entitled to the benefit of an instruction to the effect that the ordinary risks incident to the employment are assumed by the servant, as a matter of law, and without any affirmative plea in respect thereof. Where, however, the defense is the assumption of a risk by the servant not ordinarily incident to the employment and this is relied on as a defense, then it becomes essential that a plea thereof be affirmatively made, in order that the question may be submitted to the jury, as triers of fact, under proper instructions by the court. The defendant in the case at bar, we are satisfied, ought not to be deprived of the benefit of the instruction requested on the ground that it did not plead affirmatively in its answer the assumption of such risk.

It is, however, contended further that because of the allegation in the petition that the servant was not properly instructed in the beginning of his employment as to the risk and hazards incident thereto, the danger of the machinery with which he was working, and cautioned as to how he might avoid injury,—he being young and inexperienced,—and the proof in support thereof, the master was thereby guilty of actionable negligence, and

the instruction prayed for is inapplicable. It is unquestionably true that on a servant engaging in a hazardous employment, and with dangerous machinery and appliances, with which he is unacquainted, and of which the master has knowledge, it becomes the master's duty to use reasonable care in cautioning and instructing the servant with respect to the dangers he will encounter, and how best to discharge his duty. *Louisville & N. R. Co. v. Miller,* 104 Fed. Rep., 124; *Brennan v. Gordon,* 118 N. Y., 489, 23 N. E. Rep., 810, 8 L. R. A., 818; *Sullivan v. India Mfg. Co.,* 113 Mass., 396; *Louisville, N. A. & C. R. Co. v. Frawley,* 110 Ind., 18, 9 N. E. Rep., 594; *Reynolds v. Boston & M. R. Co.,* 64 Vt., 66, 24 Atl. Rep., 134; *Hughes v. Chicago, M. & St. P. R. Co.,* 79 Wis., 264; *Texas & P. R. Co. v. Brick,* 83 Tex., 598; *Felton v. Girardy,* 104 Fed. Rep., 127. The rule, it seems, is grounded on the principle that if an employer has knowledge that the servant will be exposed to risks and dangers in any labor to which he is assigned, and knows that the servant is for any cause disqualified to know, appreciate and avoid such dangers,—the same not being obvious to the servant,— then it becomes the master's duty to give such reasonable cautions and instructions as should reasonably enable the servant, exercising due care, to do the work with safety to himself, and a failure to do so renders the master guilty of a breach of duty, for which he would be legally responsible. In *Omaha Bottling Co. v. Theiler, supra,* this court has said that an infant engaging in a hazardous employment is entitled to warnings of dangers which, on account of youth and the want of experience, he did not fully understand and appreciate. Says the author of that opinion, the present chief justice (p. 262) : "The general rule is that infants, like adults, assume the ordinary risks of the service in which they engage. They are entitled, however, to warning of dangers which, on account of their youth and inexperience, they do not fully comprehend; and if such warning be not given, or if it be inadequate, the master is in fault and must answer for the con-

sequence." But this latter rule would not abrogate the former. It does nothing more than to qualify the general rule in the class of cases alluded to. That is, when from inexperience and disqualifying causes by reason of youth or otherwise, the servant does not comprehend and appreciate the dangers and risks of the employment in which he engages, and this is known to the master or ought to have been known, then the duty devolves upon him to give such reasonable instructions and cautions as will best avoid an injury by reason of such risks, and when he has done so, that is, has exercised such care and caution and given such instructions as a man of ordinary prudence and foresight would do under like circumstances, then the duty thus devolving on the master would be discharged, and the servant continuing in the employment, and having the benefit of such reasonable caution and instructions, would be upon the same footing as any other employee and would be deemed to have assumed ordinary risk incident to his employment. If, however, the master has failed to discharge the duty of giving reasonable caution and instructions as to dangerous machinery or appliances with which the servant is to conduct the business, when it is his duty so to do, and an injury results by reason thereof, a liability would arise on that account. Whether or not in the case at bar the defendant company was guilty of negligence in not giving to the plaintiff the instructions reasonably required, in order that he might appreciate and comprehend the risks usually pertaining to the work for which he was employed, was a disputed question of fact, and in the determination of the question at issue by the jury, the defendant was entitled to an instruction that if such instructions had been given, then the plaintiff assumed all ordinary risks incident to the business in which he was engaged. The denial of the requested instruction withdrew from the jury's consideration an essential factor in the case, and precluded the defendant from having its responsibility considered with respect to one phase of its contract of employment with the plaintiff which may have been all important to the jury in reaching a verdict.

It is also argued that the substance of the instruction requested was included in other instructions given and that therefore no prejudicial error resulted in the court's refusal to give the one requested.   That is, it is said the trial court instructed the jury that before it could return a verdict against the defendant it must find that the defendant was guilty of the acts of negligence, or some of them, alleged in the petition, and that such negligence was the proximate cause of the injury, and that unless the jury so found, it should find a verdict for the defendant.   The instructions, as a whole, we regard as conveying the idea that because the plaintiff was working with machinery (more or less dangerous, it is true), and suffered an injury, such injury was the result of negligence on the part of the defendant, as charged, or the lack of ordinary care exercised by the plaintiff in operating the machinery; and it was for the jury to determine wherein the negligence lay and return a verdict accordingly.   By the instructions given, the jury were apparently to determine whether the defendant was negligent as alleged, which was the direct cause of the injury, or whether the plaintiff was guilty of contributory negligence, as charged.   The tendency was to make the defendant an insurer against accidents unless contributed to by the negligence of the servant.   The idea that the injury may have been the result of an accident, without culpable negligence on the part of either of the parties, appears to have been almost entirely overlooked.   There was no middle ground recognized. The ordinary risks incident to the employment assumed by the servant when he engaged in the work were lost of sight of.   The instruction requested is a very fair statement of a sound rule of law applicable to the evidence, which the defendant was entitled to have given the jury, and which it was prejudicial error to refuse.   While the correctness of the instruction, as to the way it is framed, is challenged, we are of the opinion that it is substantially an accurate expression of the law and can not rightfully be rejected on that account.

Because of the error committed in refusing to give the

instruction requested, in a charge which in all other respects appears to us to have been a fair and correct submission of the case to the jury, the judgment will have to be reversed and the cause remanded for further proceedings, which is accordingly done.

REVERSED.

On motion for rehearing the following opinion was filed April 22, 1903. *Rehearing denied:*

PER CURIAM:

The defendant in error has filed a general motion for a rehearing. The plaintiff in error has filed a motion for rehearing for the purpose of modifying the language of the opinion, and upon these motions it is urged that it will be contended upon a retrial of the case that all questions involved, save one for which the case is reversed, have been resolved against the plaintiff in error. This was not the intention of the court and we do not think the opinion should be so considered. It was intended to say that it was not necessary to further consider other errors relied upon by plaintiff in error and not discussed by the court, since the case was remanded for a trial *de novo,* and the language used by the court should be so understood.

Both motions are overruled.