JENS VITHEN, APPELLEE, V. NELS JENSEN, APPELLANT.

FILED JANUARY 11, 1935. No. 29044.

*R. H. Olmsted,* for appellant.

*Battelle, Travis & Strehlow, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MUNDAY, District Judge.

EBERLY, J.

It appears in this case that on October 31, 1931, Nels Jensen, appellant, sold and transferred to Andrew Nielsen and Jens Vithen, appellee herein, the Loveland Dairy, as a going business, which included 44 head of cows and one bull, these comprising its dairy herd; and also certain other property used in connection therewith, together with the exclusive right to use the name of the Loveland Dairy in Douglas county. The consideration was $7,500, of which $2,100 was paid in cash and the balance was to be paid at the rate of $150 a month. At the same time the Loveland Dairy farm was leased to Nielsen and Vithen for an additional consideration. Vithen acquired Nielsen's interest in January, 1932. It is obvious from the entire record that the buyers, either expressly or by necessary implication, made known to Jensen their purpose to use the cows in the continuance of the dairy business they purchased, and that the seller expressly represented the cows to be "good cows," and, by implication at least, that they were reasonably fit for the intended use; further, that the deal was closed by the parties on that basis. Comp. St. 1929, sec. 69-415.

It is alleged in plaintiff's petition that shortly before May 13, 1932, he first discovered that, at the time of sale, the 44 head of cows were infected with a disease known as "abortion," which is a contagious disease and prevailed throughout the herd, all of which was known to the defendant at the time of the purchase of the property by plaintiff, and that because of the existence of this disease the cows were valueless as dairy cows; that thereupon plaintiff rescinded said sale and transaction, in writing, and tendered back the property purchased to defendant, who accepted the same but refused to pay back the consideration received therefor.

In his answer, after certain admissions, defendant denied any fraud or the making of false representations, and alleged that certain specified property, aggregating $2,721.80, had not been returned by plaintiff; denied that the dairy herd at the time of the sale was infected with a disease known as "abortion;" alleged that the purchasers personally examined the cattle and knew the condition of the same; and, by way of cross-petition, set forth that a certain chattel mortgage given by the purchasers, Vithen and Nielsen, as security for the payment of the $5,400 note evidencing the purchase price of the property thus sold to plaintiff by defendant, had been foreclosed, and the mortgaged property sold, leaving a deficiency; and prayed judgment for the amount of such deficiency.

By a suitable reply the allegations of defendant's answer and cross-petition were put in issue.

There was a trial to a jury which resulted in a verdict for plaintiff in the sum of $1,255.39. From the order of the trial court overruling his motion for a new trial, defendant appeals.

The evidence introduced by the respective parties was conflicting. The assignments of error as set forth in appellant's brief may be summarized as raising but two questions, viz., first, "The court erred in submitting to the jury instruction 3, sec. 7, in which he instructed the jury that the plaintiff was entitled to such *damages* as the evi-

dence shows he sustained," etc. However, in instruction 7 the trial court employed the following language: "Should you conclude from all the evidence in this case, and under these instructions, that the plaintiff is entitled to recover at all, then you are instructed that his measure of damages is such sum, but such sum only, as will reimburse him for the amounts paid to the defendant for the said cows and other property including the indebtedness of the defendant assumed by the plaintiff and the said Andrew Nielsen, and the amount paid as rent under said lease together with interest on said sums," etc.

In view of the instructions, considered in their entirety, appellant's objection to instruction 3 is without force. *Huxoll v. Union P. R. Co.*, 99 Neb. 170; *Wortman v. Zimmerman*, 119 Neb. 682.

The second error assigned is, in substance, that the verdict is not supported by the evidence.

Noting the fact that none of the "errors relied upon by appellant for reversal" relate to instructions given by the court, save and except as above stated, and reading the evidence in the light of the instructions given and also in view of the verdict of the jury, we find ample evidence, if believed, to establish that the herd in suit was badly infected with the disease of "abortion" at the time of the sale on October 31, 1931, and that defendant is chargeable with knowledge of this fact at that time, and also of the particular purpose for which the animals thus sold were required. It cannot be gainsaid that the condition and value of the herd, due to the presence of this disease, were manifestly seriously impaired; that the disease is incurable and is easily communicable to other animals; that it centers in the genitive organs of cattle and affects their milk, both as to quantity and quality. There is, in fact, a potential danger to public health, in that infected milk will cause undulant or Malta fever, a very great risk. Obviously a diseased herd is wholly unsuitable for dairy purposes.

It will also be noted that the instructions given by the

trial court to the jury, with the exception of the one already discussed, are unchallenged by "errors relied upon by appellant for reversal" as set forth in appellant's brief. The form of the action is one at law, in which the jury are the exclusive triers of the facts. A careful reading of the evidence contained in the record, in the light of the instructions, confirms the view that it contains ample proof, if believed, to support and justify the verdict returned.

It follows that the judgment of the district court is correct, and it is

AFFIRMED.