NORA REINHARDT ET AL., APPELLEES, V. HENRY W. MENSSEN ET AL., APPELLANTS.

271 N. W. 442

FILED FEBRUARY 19, 1937. No. 29838.

*E. A. Wunder* and *Hartigan & Skultety*, for appellants.

*Arthur J. Denney, contra.*

Heard before GOSS, C. J., DAY, PAINE and CARTER, JJ., and TEWELL and YEAGER, District Judges.

GOSS, C. J.

Defendants appeal from a judgment on the verdict for $2,000 with interest from October 1, 1933, in favor of Nora Reinhardt and for $200 with interest from August 7, 1932, in favor of Beata Reinhardt.

The two plaintiffs are granddaughters of Johann H. Menssen, who died January 4, 1924, leaving a will in which he bequeathed $10,000 to five grandchildren, share and share alike, to be paid to them when twenty-one years of age. Henry W. Menssen was the executor and the other defendants were sureties on his bond. By an order of distribution entered in the county court on October 18, 1926, it was found that all debts and inheritance taxes were paid, that the $10,000 bequest to the said grandchildren was reserved in the hands of the executor, and that it was decreed to be a trust fund in the hands of the executor, to be paid to them under the terms of the will as soon as they became of the age of twenty-one years, respectively. The evidence shows that Nora Reinhardt became twenty-one on October 1, 1933, and had received no part of her $2,000, and that Beata Reinhardt became of that age on August 7, 1932, and had, when the action was commenced, received all but $200 of the bequest due her.

The evidence shows that on May 21, 1926, the executor had sold real estate left by the will and on July 3, 1926, he filed his report showing he had sold one quarter section to one party for $16,100, had sold eight village lots for $110 to Annette Menssen, and had sold another quarter section to Annette Menssen for $19,500. The report of this particular land, like that of the others, recites: "She being the highest and best bidder therefor, and she having paid the amount of her bid I transferred to her by sufficient deed said

real estate." Annette Menssen, the purchaser of the quarter section above named, was the wife of the executor and the report indicates that the land was sold to her for $19,500 in cash. On July 3, 1926, the county court approved and by order duly confirmed the sale and ordered deeds made to the respective purchasers.

The evidence further shows that in fact for the quarter section Annette Menssen paid only $5,500 in cash, gave a first mortgage to Henry W. Menssen for $11,000 and gave a second mortgage to O. Vanier for $3,000, to provide the payment of a total of $19,500 to the executor-trustee for the amount reported by the executor as paid in cash. Annette Menssen, joined by her husband, deeded this quarter section to their daughter, Mrs. Anna Kujath. When the oldest of the Reinhardt children came of age and demanded his $2,000 the Kujaths and Menssen refinanced the $11,000 mortgage by giving a first mortgage for $9,000 and a second mortgage for $6,000. Of the cash proceeds of $9,000, $3,000 was used to pay off the Vanier second mortgage for $3,000, $2,000 was paid to the oldest Reinhardt child, $1,800 was deposited to apply on the amount due the next Reinhardt child to come of age, $1,100 was paid to the guardian of the Reinhardt children, as a part of their residuary estate under the will, to which they were entitled over and above their $2,000 to each specifically bequeathed. The rest of the $9,000 proceeds were used to pay items of expense. Menssen released the $11,000 mortgage. No authority was sought by the executor-trustee from the county court for any of these doings. Menssen also took a $200 unsecured note from his daughter, Anna Kujath, in the adjustment. This was to represent the difference between the $1,800 and the $2,000 to become due the next Reinhardt child coming of age. These transactions evidently occurred in June, 1930.

Later the first mortgage of $9,000 was foreclosed and the Kujaths and Menssen, as executor, were parties. The land did not sell for the whole of the liens and Menssen, as executor, recovered a judgment on his $6,000 second

mortgage for $6,464.50, with 10 per cent. interest from May 2, 1933. He even petitioned the county court to allow him to release this judgment when the Kujaths sought to obtain a new loan from the Federal Land Bank of Omaha, which made the requirement that his deficiency judgment should be released by authorization of the county court. In fact, he had already executed a release of the judgment. The Reinhardts opposed the order and the record shows no further action taken on the application. The $6,000 second mortgage, which was supposed to be security to pay the $2,000 each to the last three Reinhardt children, is lost.

Plaintiffs secured leave from the county court to bring their suit.

Defendants assign error because the court gave instruction No. 6, as follows: "The jury are instructed that if you believe from all the evidence that the executor, Henry W. Menssen, has lost the money bequeathed to the plaintiffs under the will of said Johann H. Menssen, deceased, and that such loss occurred on account of his own bad judgment or remissness of duty and without benefit to the estate, you should find for the plaintiffs in the amount shown by the preponderance of the evidence to be due."

It is argued that nowhere does the instruction define the care to be used, which, says the brief of defendants, is "the care, prudence and judgment which the man of fair average capacity and ability exercises in the transaction of his own business." Defendants have overlooked the fact that in instructions No. 3, No. 4, and No. 5, the court had rung the changes on this language "that a trustee is bound to employ such diligence and prudence as men of discretion and intelligence employ in their own affairs." The instructions are to be considered as a whole and if they thus state the law it is sufficient. *Vithen v. Jensen*, 128 Neb. 188, 258 N. W. 267.

It is argued that there was nothing in the evidence to warrant the use of the word "remissness" in the instruction. We were under the impression that the trial and argument proceeded upon the theory that defendant had

been remiss in his duty to the beneficiaries of his trust. Perhaps the court got the impression, and put it in its context, by reason of reading the quotation from 24 C. J. 112, found on page 753 of the opinion *In re Estate of Swanson,* 129 Neb. 751, 263 N. W. 141. In view of the pleadings and evidence we do not think the use of the expression was at all prejudicial.

The only other assignments of error are that the verdict is not sustained by the evidence and is contrary thereto and that the verdict is contrary to law. We have recited the evidence sufficiently to show that it was distinctly a jury question. Their decision is binding. The judgment is

AFFIRMED.