878

CARL HOLTZ, APPELLANT, V. PAULINE PLUMER, APPELLEE.
277 N. W. 589

FILED FEBRUARY 11, 1938. No. 30181.

*Leon & White, Frank A. Anderson* and *A. W. Storms,* for appellant.

*Wilber S. Aten* and *Stephens, Thornell & Millhone,* contra.

Heard before GOSS, C. J., EBERLY, DAY, PAINE and CARTER, JJ., and YEAGER, District Judge.

GOSS, C. J.

Plaintiff appeals from a judgment for defendant based on a verdict of the jury.

The action was by a father to recover damages on account of the death of his five-year old daughter, alleged to have been struck by defendant's car while operated by her (1) at a reckless rate of speed and in excess of 50 miles an hour; (2) at a rate of speed greater than was reasonable having due regard for the traffic and conditions of the road, and in violation of the laws of Iowa and the speed and traffic ordinances of Council Bluffs (both of which were specifically set out) ; (3) that defendant did not have her car under proper control, and failed to turn it immediately before the collision, to avoid the same, which defendant knew or in the exercise of reasonable care should have known and could have done; (4) that defendant did not keep a proper lookout ahead for the purpose of observing the condition of the highway in

reference to individuals thereon; (5) and that defendant, in the exercise of ordinary care, could have seen the position of the child in the street before the collision, so as to have avoided the collision, but negligently failed to do so. This constitutes a fair summary of the allegations of the amended petition as to the acts of negligence. They were stated by the court in the first paragraph of the court's instructions.

Plaintiff claims the district court erred in instruction No. 3, which set out what plaintiff must prove in order to recover: (1) That defendant operated the automobile so as to strike the child; (2) "that said defendant upon that occasion was negligent in the driving and operation of her automobile in the particulars claimed by plaintiff and stated to you in instruction No. 1, or some of them, and by such negligence caused the injuries which resulted in the death of the child;" and (3) that plaintiff has suffered damage. Plaintiff argues that, in subdivision 2 above, where the court said "some of them" he should have said "some *one* of them," and that the expression as used by the court led the jury to believe that it was necessary for plaintiff to prove more than one of the acts of negligence before he could recover. Defendant argues that if the judge had used the words "some one of them" the jury would understand it to preclude them from finding negligence in two particulars charged.

Webster's New International Dictionary Unabridged (2d ed.) gives the word "any" as a synonym for "some." From the subject-matter and context that appears to be the sense in which the court used it. It evidently was intended by the court to mean the same as "one or more" of the acts of negligence charged in the petition and set out in the instructions. When the jury were instructed that it was necessary, before a verdict could be reached, for plaintiff to prove that defendant was negligent "in the particulars claimed by plaintiff * * * or some of them," we think it would be understood by the jury to mean that, if they found her negligent in all or in one of the particu-

lars, then plaintiff should be given a verdict. We are of the opinion this instruction did not mislead the jury.

Plaintiff complains of instruction No. 4 given by the court. In that instruction the court recited the Iowa statutes as to the right of a father to recover resulting damages on account of the injury of a child, the Iowa statute as to speed and the Council Bluffs ordinance as to speed, and stated to the jury that a violation was not conclusive evidence of negligence, but should be considered, in connection with other facts and circumstances proved at the trial, in determining whether defendant was negligent upon the occasion in question. Plaintiff requested eight instructions, but none of them referred to this particular subject. While the instruction might have been amplified as to the effect of failure to observe the statutes and ordinance, it was not in the circumstances prejudicial to the plaintiff, and, in the absence of a more particular request from plaintiff, must be approved.

Instruction No. 6 is characterized by plaintiff as erroneous in part. The instruction stated that, if the child was exposed to injury and defendant saw her position or by the exercise of reasonable care could have seen her danger and failed to use reasonable and ordinary care under the circumstances to prevent colliding with the child, then plaintiff may recover. That phase of the instruction plaintiff approves. Then the instruction says: "The defendant contends that she was keeping a lookout and did not see the child or have opportunity to see her before the injury. If you find this to be true, then defendant would not have been negligent in that particular, and if the collision and consequent injury to the child was not to any extent caused or brought about by any negligence or want of ordinary care of the defendant, then the defendant would not be liable in this case."

It is a well-known rule that instructions must be considered as a whole, and if, when so considered, they properly state the applicable law, it is sufficient. *Vithen v. Jensen*, 128 Neb. 188, 258 N. W. 267; *Reinhardt v.*

*Menssen,* 132 Neb. 207, 271 N. W. 442. Where, as here, the criticized instruction itself shows that the proposition criticized is covered within its confines, the rule is tested and exemplified within narrow limits. The instruction itself, considered as a whole, answers the criticism.

Certain instructions were requested by plaintiff and refused. As to some of these error is claimed. In all of them the record shows that they were marked by the trial court "Refused as sufficiently covered by instructions given." Without going into a detailed discussion of these instructions, we find the court's description of the situation to be correct and that the instructions given by the court were not prejudicially erroneous.

Plaintiff asserts that the court erred in admitting evidence over plaintiff's objections. The only instance cited is with reference to the testimony of Fred Hoeck, a witness for defendant, who testified that he was seated in the front seat of an automobile closely following that of defendant when the child was injured. He was asked if he saw any child on the west side of the street or curbing. "A. I did not. There was no child there; didn't see any. Mr. White (attorney for plaintiff): Move to strike the answer with respect to the statement there was no child there because he didn't see any, for the reason it is a conclusion and not responsive. Overruled. Exception." At first thought it would seem that the objection was good, but on consideration it appears to be a qualification of his answer by a careful witness. He expresses thereby the belief that there was no child visible at the place designated because he did not see any child there. This answer was subject to any cross-examination plaintiff might thereafter make. We fail to see how it could prejudice the jury. It appears from this witness that the first thing he saw indicative of the presence of the child was when he saw something flutter behind the left hind wheel of defendant's car—"thought it was a piece of paper * * * after I got closer I could see it was a child." He was then about 100 feet behind defendant's car.

Ben Montgomery was the only witness who saw the accident. He testified that he was driving north, with two cars preceding him; that he saw a little girl running north along the curb, saw her dart across the street in front of the first car ahead of him, and then saw her flying head first and strike under the left back wheel of the car coming south; this last car was Miss Plumer's car, which was going 15 to 20 miles an hour; her back wheel ran over the child; her car went 15 to 25 feet and did not stop; the first car in front of him did not stop.

Plaintiff also charges that the court erred in admitting testimony of defendant in the following instance. Defendant had testified that, as she drove, she did not see any child in the street in front of her, though she was looking in front. "Q. Could you have seen it if it had been there? Mr. White: Objected to as calling for a conclusion of the witness. Overruled. Exception. A. Yes, sir." A similar situation arose in the case of *Barr v. Post*, 56 Neb. 698, 77 N. W. 123. There the witness was asked if Mr. Van Atta could have been there and the witness could not have seen him. The question was objected to as calling for a conclusion and opinion of the witness. The court overruled the objection and the witness answered, "No, sir; he could not." Counsel complained that by this ruling the court permitted the witness to state her opinion. The court said in the opinion: "We do not think so. We think she stated what she did as a matter of knowledge. She was not asked for her opinion and she did not give it. She simply said Van Atta could not have been present and she not have seen him."

On direct-examination defendant was asked if she told Dr. Kelly at the hospital that there was a bump and the body (of the child) was just in front of the car, if she felt a bump on the front of her car, on the radiator, and if she repeatedly told him she felt a bump on the radiator of her car. She answered that she did not make such statements to Dr. Kelly. On cross-examination she was asked whether she discussed with Dr. Kelly at the hospital how

this accident happened. She answered, "No, I did not. Mr. Stephens (attorney for defendant) : Objected to as not cross-examination. Sustained. Exception." There was no motion to strike the answer and it stands in the record and presumably was considered by the jury. The court said, "I have indicated how far you are entitled to go. You can get there in one question." Then the question was asked: "Did you at the time of that conversation at that hospital in substance and effect tell Dr. Kelly that your automobile struck the child? A. No." Then plaintiff's counsel asked the last question of plaintiff shown in the record relating to her conversation with Dr. Kelly: "Q. In substance and effect did you tell Dr. Kelly about your car striking a child at the hospital?" This was objected to as "incompetent and not proper cross-examination," the objection was sustained and no answer appears. The court probably sustained it on the ground that it was repetitious and in that sense not proper cross-examination.

Inasmuch as defendant had categorically denied any conversation with Dr. Kelly at the hospital as to how the accident happened and that her automobile struck the child, and inasmuch as Dr. Kelly testified that she told him she was driving the car and something suddenly struck with a bump in front, that she stopped the car and discovered the child in the street, there was everything plaintiff needed in the evidence to argue to the jury that defendant was impeached and that in the particulars described by Dr. Kelly the accident happened as he related. No other or further cross-examination on the particular points would serve any useful purpose after she had denied as facts what the cross-examiner sought to elicit from her. The effect was to be considered by the jury.

Error is sought to be predicated upon several other rulings of the court on evidence. We have examined them and do not find any of them prejudicially erroneous and omit their discussion in this already too long opinion.

The facts were evidently presented to jury with unusual thoroughness in the evidence. The jury were adequately

instructed on the law. They evidently believed the testimony of defendant and that of Montgomery. The verdict was disappointing to plaintiff. But, under our system, the judgment based on the verdict is conclusive. We cannot say it was wrong. Therefore, it is

AFFIRMED.