R. C. JOHNSON, APPELLANT, V. LOUIS M. HANSEN: ANDREW O. JOHNSON, APPELLEE.

297 N. W. 643

FILED APRIL 25, 1941. No. 31026.

*Spence & Long,* for appellant.

*William H. Meier, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

Plaintiff sued defendants on a promissory note. Defendant Hansen defaulted and judgment was entered against him. Defendant Andrew O. Johnson defended on the ground that he was an accommodation maker and received no consideration for his signature on the note. The cause was submitted to a jury, and the verdict was in favor of defendant Johnson. From this verdict and judgment thereon the plaintiff appeals.

Plaintiff contends that instruction No. 1, given by the trial court, constitutes prejudicial error. The court, in endeavoring to cover the issues and the proof required in the instant case, instructed in part as follows: "The note has been introduced in evidence and is itself some evidence of what the promises and agreements of the parties were and upon that phase of it the plaintiff would be entitled to a verdict * * *." "Some evidence" would mean: Consisting of a greater or less portion; a certain indefinite or indeterminate part; more or less. The note is *prima facie* evidence of the indebtedness, not just more or less evidence of the fact, or an indeterminate part thereof. See 39 Words and Phrases (Perm. ed.) 480. The use of the word "some" might be interpreted by the jury to mean that other evidence was required, in addition to the note, to prove a *prima facie* case. The plaintiff having made a *prima facie* case, the defense being that the note is an accommodation note, then the only remaining evidence to be offered by the plaintiff is in rebuttal of the affirmative defense of accommodation maker.

Instruction No. 1 then continues: "Unless the defendant Andrew O. Johnson on his behalf has overcome the apparent effect thereof, by establishing by the greater weight of the evidence at this trial, the truth of the defense he claims which is in effect that he received no consideration for the signing of it and signed it with the agreement be-

tween himself and the bank to which the note was given, and upon the express promise of the bank through its cashier, Mr. Swan, that he, Andrew O. Johnson, should never be liable on the note nor be required to pay it."

Defendant Johnson's separate answer alleged the defense of accommodation maker. The burden of proof is then upon him to prove the defense by a preponderance of the evidence. *Neslund v. Kinnan*, 129 Neb. 279, 261 N. W. 358. The instruction omits the use of the language "burden of proof" and "preponderance of the evidence" and speaks of "the greater weight of the evidence," and, subsequently, in instruction No. 2, defines "the greater weight of the evidence."

We believe that the language of the instruction is unfortunate in that it fails to apprise the jury that the defendant has the burden of proof, and, inasmuch as the pertinent part of the pleadings is not a part of the instructions, the jury might not give the weight to the language, "burden of proof," that they might give if they understood the defendant's obligation in this respect.

The other instructions given by the court are with reference to the credibility of the witnesses and the duties of the jury in arriving at a verdict. Instruction No. 1, given by the court, fails to properly state the effect of the note as evidence, fails to properly inform the jury as to the burden of proof required of the defendant, and fails to apprise the jury of the meaning of the term "consideration," or the sufficiency thereof. The instruction as given constitutes prejudicial error.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.