RUTH BRACKMAN AS NEXT FRIEND OF KENTON DEAN SCHAUB, APPELLANT, V. GEORGE BRACKMAN, APPELLEE.

100 N. W. 2d 774

Filed January 22, 1960. No. 34602.

*Wright, Simmons & Harris,* for appellant.

*Holtorf & Hansen, Charles F. Fitzke, Atkins & Ferguson,* and *Clark G. Nichols,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action brought in the district court for

Scotts Bluff County by Ruth Brackman as next friend of Kenton Dean Schaub, a minor, as plaintiff, against George Brackman, defendant, to recover damages for personal injuries sustained by Kenton Dean Schaub while operating a cornpicker owned by the defendant. The defendant was charged with negligence in furnishing Kenton Dean Schaub with an unsafe machine with which to work, and in not advising him of the dangerous nature of the work or the dangerous condition of the cornpicker. The case was tried to a jury resulting in a verdict in favor of the defendant. The plaintiff filed a motion for new trial which was overruled. From the overruling of the motion for new trial, the plaintiff perfected appeal to this court.

For all practical purposes we will refer to Kenton Dean Schaub as plaintiff, and to George Brackman as defendant.

The plaintiff's petition alleged that he was employed by the defendant as a farm laborer on or about September 16, 1957; that said employment continued up to and including November 15, 1957; that on November 15, 1957, while engaged in the employment of the defendant, the plaintiff sustained an accident with a cornpicker; that as a result of same, he received personal injuries which disabled him; that the direct and proximate cause of the accident was the negligence of the defendant in furnishing the plaintiff with an unsafe machine with which to work, and in not warning and advising plaintiff of the dangerous nature of the work or the dangerous condition of the machine; that the defendant knew said machine was unsafe, was in poor repair, and had immediately prior to the date of accident had certain modifications made upon it which made the machine dangerous and unsafe; that on the date of the accident the defendant ordered the plaintiff to use the cornpicker in the condition described above, knowing its dangerous condition; that at the time of the accident the plaintiff was unfamiliar with cornpickers

in general, having never previously operated a corn-picker, and was not aware of the more dangerous condition of this particular cornpicker; that the defendant ordered the plaintiff to proceed, and to dig out the obstructions and plugs in the machine, after the plaintiff objected that said machine would not work without plugging in view of the moisture content of the corn and the unusual thickness of the corn; that the plaintiff was right-handed; and that as a result of the accident his right arm had to be amputated below the elbow. The plaintiff prayed for damages for the injuries sustained by him.

The defendant's answer denied all allegations in the plaintiff's petition not admitted, and alleged that the cornpicker involved in the accident was plainly marked with warning signs; that the defendant instructed the plaintiff in the use of the machine; that the plaintiff was familiar with the operation of the machine; that the defendant had warned and cautioned the plaintiff to always shut off the machine before getting off of it; that any injury suffered by the plaintiff was proximately caused by his own negligence, which was more than slight; and that the plaintiff assumed the risk of the accident in working on said cornpicker while it was running. The prayer was that the plaintiff's petition be dismissed.

It appears from the record that the plaintiff was employed by his stepfather to do farm work; that the plaintiff was 18 years of age at the time; that while operating a cornpicker on November 15, 1957, he left the motor running on the machine and endeavored to dig out the obstructions that were plugging the machine; that as a result his right hand was caught in the machine; and that due to the accident his right arm had to be amputated below the elbow. The plaintiff's testimony was to the effect that he did not receive proper instructions from the defendant pertaining to the proper operation of the cornpicker and what his duties were

with reference thereto. The defendant's evidence was to the effect that he specifically instructed the plaintiff in the use and operation of the cornpicker, and told him not to clean the machine of obstructions or plugs while the motor was running and to stop the motor before trying to unplug the machine.

The plaintiff contends that the trial court committed prejudicial error by defining slight and gross negligence in instruction No. 13; that the definitions as given in said instruction related to section 39-740, R. R. S. 1943, known as the automobile guest passenger statute; and that said definitions are not to be considered in the same light with reference to the comparative negligence statute, section 25-1151, R. R. S. 1943.

In support of the above contention, the plaintiff cites the case of Bezdek v. Patrick, 167 Neb. 754, 94 N. W. 2d 482.

It appears that the contention of the plaintiff in the instant case, as above stated, was directly raised for the first time before this court in Bezdek v. Patrick, *supra*. In that case this court said: "The last paragraph of instruction No. 19 to the jury advised it that: 'By "slight negligence" is meant small or little negligence. By "gross negligence" is meant great or excessive negligence; it may be said to exist when there is an absence of slight care in performance of duty.' Section 25-1151, R. R. S. 1943, is in part as follows: 'In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison * * *.' The test this provides and requires is not based upon absolute degrees of negligence but rather upon a comparative test of the relative degrees of negligence between the parties. The negligence of the plaintiff or defendant is not to be evaluated as slight, gross,

or otherwise, standing alone. The criterion by which the degree of negligence is to be measured is the extent thereof by comparison with the negligence of defendant. The words 'slight' and 'gross' as employed in this statute are comparative terms and the requirement of them is that the negligence of the parties must be compared one with the other in determining an issue of slight and gross negligence. Roby v. Auker, 151 Neb. 421, 37 N. W. 2d 799; Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250; Allen v. Kavanaugh, 160 Neb. 645, 71 N. W. 2d 119. The objection made to the last paragraph of the instruction is valid. It was foreign to the case and should have been omitted."

As stated in Roby v. Auker, 151 Neb. 421, 37 N. W. 2d 799, with reference to the comparative negligence rule: "The statute by the use of the words 'when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison' clearly intended the words 'in comparison' as qualifying both of the clauses immediately preceding. The words 'slight' and 'gross' as used in the statute are comparative terms and the intent of the statute is that the negligence of the parties shall be compared one with the other in determining questions of slight and gross negligence.

"We think the rule announced in Morrison v. Scotts Bluff County, 104 Neb. 254, 177 N. W. 158, supports this view. It was therein said: 'The true rule is that, if plaintiff is guilty of negligence directly contributing to the injury, he cannot recover, even though the defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith. If, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which under the circumstances amounts to slight negligence, or if the negligence of defendant falls

in any degree short of gross negligence under the circumstances, then the contributory negligence of plaintiff, however slight, will defeat a recovery.' It will be noted that the foregoing rule is predicated on a comparison of the negligence of the parties in determining the liability of both the plaintiff and the defendant, that is, the question of slight or gross negligence as used in the statute are both dependent upon a comparison of the negligence of the parties, one with the other." See, also, Hickman v. Parks Constr. Co., 162 Neb. 461, 76 N. W. 2d 403, 62 A. L. R. 2d 1040.

From the authorities above cited it will be observed that under the comparative negligence statute, section 25-1151, R. R. S. 1943, it is necessary that negligence of the plaintiff be compared with the negligence of the defendant to determine whether the negligence of one is slight or gross in comparison with the other, while under the automobile guest passenger statute, section 39-740, R. R. S. 1943, a standard of gross negligence is set up that is not based on the comparison of negligence. Before a guest may recover from the driver of an automobile under the guest passenger statute, the driver must be found guilty of gross negligence, that is, great or excessive negligence. Such is not true under the comparative negligence rule.

From an analysis of both sections of the statute heretofore referred to, it will be observed that each is distinct and separate from the other, and deals with entirely different subject matters, as pointed out above. Consequently, each of said statutes has a definite purpose. The automobile guest statute, section 39-740, R. R. S. 1943, is not involved in the instant case, and the definitions of "slight" and "gross" negligence as given in the trial court's instruction are wrong under the comparative negligence statute. We conclude that the trial court committed prejudicial error as contended for by the plaintiff.

"The question of the existence of negligence or con-

tributory negligence is for a jury where different minds may reasonably draw different conclusions from the evidence as to the existence of negligence or contributory negligence." Hickman v. Parks Constr. Co., *supra.*

We deem the following authorities relating to the duties of an employer in instructing a minor with reference to his employment to be pertinent to the instant case.

As expressed in Anderson v. Evans, 164 Neb. 599, 83 N. W. 2d 59: "This court, in Norfolk Beet-Sugar Co. v. Hight, 56 Neb. 162, 76 N. W. 566, quoted with approval the following from Jones v. Florence Mining Co., 66 Wis. 268, 28 N. W. 207, 57 Am. R. 269: 'We think it is now clearly settled that if a master employs a servant to do work in a dangerous place, or where the mode of doing the work is dangerous and apparent to a person of capacity and knowledge of the subject, yet if the servant employed to do work of such a dangerous character or in a dangerous place, from youth, inexperience, ignorance, or want of general capacity, may fail to appreciate the dangers, it is a breach of duty on the part of the master to expose a servant of such character, even with his own consent, to such dangers, unless he first gives him such instructions or cautions as will enable him to comprehend them, and do his work safely, with proper care on his part.' There has been no departure in the decisions from this pronouncement."

In the case of Omaha Bottling Co. v. Theiler, 59 Neb. 257, 80 N. W. 821, 80 Am. S. R. 673, it is said: "The general rule is that infants, like adults, assume the ordinary risks of the service in which they engage. They are entitled, however, to warning of dangers which, on account of their youth and inexperience, they do not fully comprehend; and if such warning be not given, or if it be inadequate, the master is in fault and must answer for the consequences." See, also, Evans Laundry Co. v. Crawford, 67 Neb. 153, 93 N. W. 177; Burnett

v. Roanoke Mills Co., 152 N. C. 35, 67 S. E. 30.

In the instant case there is conflicting evidence as to whether or not the employer (defendant) had sufficiently instructed the employee (plaintiff) as to the dangerous character of the cornpicker which the employee was to operate, therefore, a question of fact in such regard was for the jury to determine.

The plaintiff contends that the trial court committed prejudicial error in a statement contained in instruction No. 9 wherein the trial court instructed the jury as follows: "For the purpose of this instruction you shall consider any assumption of the risk by the plaintiff to be identical to contributory negligence."

In Landrum v. Roddy, 143 Neb. 934, 12 N. W. 2d 82, 149 A. L. R. 1041, this court quoted with approval from 38 Am. Jur., Negligence, § 172, p. 847, as follows: "The defense of assumption of risk is closely associated with the defense of contributory negligence. One who does not exercise ordinary care for his own safety is said, speaking broadly, to assume the risk, that is, take the chance, of being hurt. The defense of assumption of risk is not incompatible with contributory negligence; the two defenses may arise under the same state of facts. Some courts regard the defenses as interchangeable. However, there is a clear distinction between the defense of assumption of risk and the defense of contributory negligence, notwithstanding they may arise under the same set of facts and may sometimes overlap. There is a line of demarcation which, if carefully scrutinized and followed, will allow the court to differentiate between them. Assumption of risk rests in contract or in the principle expressed by the ancient maxim, 'volenti non fit injuria,' whereas contributory negligence rests in tort. The former involves a choice made more or less deliberately and negatives liability without reference to the fact that the plaintiff may have acted with due care, whereas the defense of contributory negligence implies the failure of the plaintiff

to exercise due care. As stated in some decisions, assumption of risk is a mental state of willingness, whereas contributory negligence is a matter of conduct." A discussion of the distinction as pointed out above may be found in 65 C. J. S., Negligence, § 117, p. 709.

It is obvious that the trial court committed prejudicial error in instructing that the defense of assumption of risk and the defense of contributory negligence were identical. We conclude that the trial court committed prejudicial error as contended for by the plaintiff.

The plaintiff contends that certain evidence was admitted by the trial court, over objection, with reference to the repairs, alterations, or changes made to the shucking rolls on cornpickers in the area in which the defendant farmed and the plaintiff was employed. We need not determine the validity of the objections to this evidence made by the plaintiff in the instant case, however, evidence of this nature may be admitted when proper foundation is laid for its admission into evidence. See, O'Dell v. Goodsell, 152 Neb. 290, 41 N. W. 2d 123; 38 Am. Jur., Negligence, § 317, p. 1015; Annotation, 137 A. L. R. 611; Tite v. Omaha Coliseum Corp., 144 Neb. 22, 12 N. W. 2d 90, 149 A. L. R. 1164.

Plaintiff also contends that custom and usage must be pleaded in order for the defendant to produce evidence relating to this subject matter.

In 38 Am. Jur., Negligence, § 267, p. 957, it is said: "It is the general rule that custom need not be pleaded, since evidence of custom in negligence cases is admitted not on the theory that a breach of custom is negligence per se, but as evidence of negligence, or of due care, as the case may be, and it is no more necessary to plead it than it is to allege other evidentiary facts which prove the ultimate facts pleaded." See, also, Crooker v. Pacific Lounge & Mattress Co., 34 Wash. 191, 75 P. 632; Towner v. Western Contracting Corp.,

164 Neb. 235, 82 N. W. 2d 253; 41 Am. Jur., Pleading, § 366, p. 541.

We hold that it was not necessary for the defendant to specifically plead custom in the instant case. The general denial in defendant's answer was sufficient to raise the issue.

The plaintiff contends that the use of the word "some" in an instruction on negligence means more than one of the elements of negligence which the plaintiff was required to prove by a preponderance of the evidence before the plaintiff may recover.

In instruction No. 19, the trial court instructed in part as follows: "You are instructed that the mere happening of an accident does not of itself prove negligence on the part of either party. Negligence is never presumed but the burden of proof is on the plaintiff to prove by a preponderance of the evidence that the accident was caused by some of the acts of negligence alleged and submitted to you by the Court."

It is true that in instruction No. 8 given to the jury by the trial court, the jury was informed that the burden of proof was on the plaintiff, before he could recover in this action, to prove that the defendant was negligent in one or more of the acts of negligence referred to in instruction No. 3. In this connection, see Johnson v. Hansen, 139 Neb. 428, 297 N. W. 643; and Holtz v. Plumer, 133 Neb. 878, 277 N. W. 589.

There is a clear distinction between the two above-cited cases relating to the word "some" and it would serve no useful purpose to make that distinction here. The use of the word "some" in an instruction could be misleading to a jury, and place a greater burden on the plaintiff than the law requires.

Inasmuch as there must be a new trial in this case, doubtless the instructions of the trial court will be corrected in the respects as heretofore set forth and in such other respects as may be required, depending upon what occurs in the new trial.

In the light of what we have heretofore said, the cross-appeal of the defendant need not be determined.

Other assignments of error asserted by the plaintiff need not be determined.

For the reasons given herein, we conclude that the judgment of the trial court should be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.