HAROLD E. SCOFIELD, APPELLEE, V. JOHN HASKELL, APPELLANT.

143 N. W. 2d 120

Filed June 10, 1966. No. 36191.

See *ante* p. 324, for majority opinion.

KUNS, District Judge, dissenting.

Although I concur entirely with the rules of law stated in the majority opinion, as expressed in the several syllabi and as applied to the facts in the case, I respectfully dissent from the portion of the court's opinion and order with reference to the limitation of the retrial to the issue of liability.

The record in this case shows that the court properly submitted to the jury appropriate issues both as to the negligence of the defendant and as to the contributory negligence of the plaintiff. The jury returned a general verdict for the plaintiff without any indication whether it had found plaintiff to have been slightly negligent and defendant grossly negligent or that the defendant's negligence was the sole proximate cause. This did settle the question of general responsibility, but it certainly did not settle the question of the application of the doctrine of comparative negligence.

Section 25-1151, R. R. S. 1943, provides: "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury."

In Brackman v. Brackman, 169 Neb. 650, 100 N. W.

2d 774, it was held that degrees of negligence whether slight or gross, were to be determined by the comparison of the negligence of the parties, one with the other. This is a qualitative determination necessarily involving the consideration of all of the various acts of negligence entering into the proximate cause of the injury.

In Sgroi v. Yellow Cab & Baggage Co., Inc., 124 Neb. 525, 247 N. W. 355, the following statement concerning the procedure of mitigation of damages is made on page 528: "It is clear that the comparison was to be made between the negligence of the two parties, and if plaintiff was entitled to recover, then her recovery should be reduced in the proportion that her negligence contributed to the injury. If defendant's negligence was four times as great as plaintiff's negligence, the proportion would be four to one. The combined negligence of the two causes the total damage sustained. It is plain in such case that plaintiff's own negligence caused one-fifth of her injury and defendant's negligence four-fifths, and that plaintiff would be entitled to a judgment for only four-fifths of the total amount of damage sustained as a result of the combined negligence of the two."

This case was followed and the rule was restated in Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250, as follows: "When plaintiff is entitled to recover under this rule it then becomes the duty of the jury to deduct from the total amount of any damages which it determines he has sustained such an amount as his contributory negligence bears to the entire negligence of the parties which contributed thereto. * * * After the parties establish and the jury, under proper instructions, finds the respective parties guilty of actionable negligence and contributory negligence the responsibility is then on the jury to make the comparison as contemplated by the statute. *This comparison is to determine the rights of the parties to recover, if at all, and the extent thereof.*" (Emphasis supplied.)

From the foregoing, it appears that it is necessary

for the jury to keep in mind the results of its initial comparison of the negligence of the parties, and to take the further step of making a quantitative determination of the proportion which the negligence of each party bears to the total negligence of both together.

According to the direction of the majority opinion, it is apparently required that the trial court direct the jury that no more than slight negligence has been established, with the attendant possibility that the jury might find no negligence at all as to plaintiff. To have a basis for mitigation, however, the jury necessarily would have to consider all the previous evidence of negligence and causation. There is an attendant possibility of an absurdity, in the event that the jury, notwithstanding the direction to find no more than slight negligence, might find a proportion of contributory negligence so high that it would mitigate by half or more. In view of the provisions of the statute, the court has no power to limit the scope of an award of damages, when the determination of the issue is properly for the jury.

I submit that the provision of the majority opinion limiting the retrial to the sole question of an amount of liability would not be effective to simplify or to shorten the trial, and that it would present a most difficult problem to the trial court in the formulation of appropriate instructions upon the subject of the possible mitigation of damages. The previous general finding of responsibility, correct under the evidence and instructions, simply cannot provide the necessary specific determination of the issues of comparative negligence and mitigation, as a prerequisite to the determination of an amount of liability.