FRANCES B. LANGFORD, ADMINISTRATRIX OF THE ESTATE OF HERBERT E. LANGFORD, DECEASED, APPELLEE, V. RITZ TAXICAB COMPANY, A PARTNERSHIP, APPELLANT, IMPLEADED WITH HARRY HOLMES, APPELLEE.

109 N. W. 2d 120

Filed April 28, 1961. No. 34894.

*William A. Day, Sr., Gross, Welch, Vinardi, Kauffman & Schatz,* and *Davis & Pittman,* for appellant.

*Joseph P. Inserra,* for appellee Langford.

*Mecham, Stoehr, Rickerson & Sodoro,* for appellee Holmes.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

CARTER, J.

This is an action for wrongful death brought by plaintiff as the administratrix of the estate of Herbert E. Langford, deceased, for the death of the deceased resulting from a collision of an automobile owned and operated by Harry Holmes, in which the deceased was a guest, and a taxicab owned by the Ritz Taxicab Company and operated by Robert L. Stanford. The jury returned a verdict against the Ritz Taxicab Company for $31,889.10. Judgment was entered thereon and the Ritz Taxicab Company has appealed.

The defendant Harry Holmes will be referred to as Holmes, and Ritz Taxicab Company, a partnership, and the partners composing it will be referred to as defendant.

The accident occurred at the intersection of Twenty-fifth and Lake Streets in the city of Omaha. Lake Street is an east and west street, 40 feet wide, and protected by stop signs. Twenty-fifth Street is a north and south street, 30 feet wide, without stop signs and, consequently, a nonprotected thoroughfare. The accident occurred on December 19, 1958, at about 9 o'clock p.m. The streets were dry and street lights were burning.

The evidence of the plaintiff shows that Holmes and the deceased had met in a bar about 30 minutes before the accident. Holmes admitted that he drank two beers and a "shot" of whiskey. He testified that the deceased drank nothing in this bar. They left the bar within 5 minutes after deceased arrived. Holmes drove the car and deceased rode in the right front seat. They observed a Mrs. Pitts walking on Twenty-second Street, who was recognized as an acquaintance by the deceased. They offered her a ride to her destination and she accepted. At the time of the accident she was riding in the front seat between the two men.

Holmes testified that he was driving west on Lake Street at a speed of 25 miles an hour as he approached the intersection of Twenty-fifth and Lake Streets. He testified that the Ritz cab came from the north on Twenty-fifth Street, failed to stop at the stop sign, and collided with his car in the intersection. His evidence is corroborated by Mrs. Pitts and one Sanders, who was approaching the intersection on Twenty-fifth Street from the south. Mrs. Pitts also testified that neither Holmes nor the deceased were intoxicated, although she smelled the odor of beer on Holmes. Holmes testified that he was not intoxicated.

Holmes testified further that his car was too close to avoid the accident when the cab ran the stop sign into Lake Street, that he pulled his car left to avoid the accident, and the right front of his car hit the left front of the Ritz cab. He lost control of his car, which

veered south and hit the south curb of Lake Street, then turned north and struck a parked truck on the north side of Lake Street, 255 feet distant from the point of impact, at which point he was thrown from his car. The driverless car again veered to the south for a distance of 120 feet, went over the south curb into a depression, and hit a store building. The measurements were supplied by police officers, to which there is no dispute. Holmes said that his right front tire blew out and his motor quit, making his power steering useless. He testified also that his car accelerator stuck and would not operate. He stated he was dazed for 5 minutes or so following his fall from his car. The trial court directed a verdict in favor of Holmes at the close of plaintiff's evidence on the ground that there was no evidence of gross negligence on his part. No complaint is made to the trial court's action in so doing.

The evidence of the cab driver was that he picked up a passenger at or near Twenty-fourth and Lake Streets, that he proceeded west on Lake Street, that he gave an arm signal for a left turn onto Twenty-fifth Street, and that he was hit by plaintiff's automobile which came up behind him at a high rate of speed before he could complete his turn. His evidence is corroborated by the passenger in his cab and a witness who was waiting for a bus at Twenty-fourth and Lake Streets. There is evidence by two policemen that Holmes was, in their opinion, under the influence fo intoxicating liquor. There is also evidence that a blood test was given Holmes to determine the amount of alcohol in his blood, which was negative.

The evidence is in direct conflict as to the controlling facts and clearly raises a question for the jury. No contention is made that the case was not one for the jury's determination.

The Ritz Taxicab Company contends that the trial court erred in certain rulings on the evidence, that certain instructions were prejudicially erroneous, and erred

in holding the evidence was sufficient to sustain the verdict and judgment. We shall review the foregoing in the order above stated.

It is contended that the trial court erred in sustaining the objection to a question directed to Holmes on cross-examination as to whether the deceased made any objection to the manner of Holmes' driving prior to the accident. Holmes answered "No." The objection was then sustained. An offer of proof was made that Holmes would testify, if permitted, that the deceased made no complaint. Holmes later testified without objection that the deceased immediately before the accident called out "Hold it." The offer of proof shows that no complaint was made to Holmes by the deceased. There is nothing in the record to indicate any duty on the part of the deceased to protest. Under such circumstances evidence that no protest was made is not material to the issues and the ruling of the trial court did not prejudice the rights of the defendant.

Complaint is made that the trial court erred in refusing the testimony of a police officer wherein he stated that he smelled the odor of liquor on the deceased. It must be borne in mind that the deceased was a guest in the Holmes car. The odor of liquor on a guest, standing alone, is not evidence of contributory negligence. No prejudicial error resulted from the trial court's ruling. Similar complaints are made as to rulings of a similar nature to the evidence of a member of the rescue squad. We likewise find no reversible error in the trial court's rulings on these assignments of error.

It is contended that the trial court erred in ruling that the evidence of Holmes' intoxication was admissible only on the issue of Holmes' negligence. It is clear that the negligence of an automobile driver, standing alone, cannot ordinarily be imputed to his guest. The ruling of the trial court was correct under the state of the evidence.

Complaint is made that the trial court erred in ex-

cluding evidence as to the speed of the Holmes car when it turned the corner of Twenty-fourth and Lake Streets prior to the collision, a point 1 block distant from the scene of the accident. The evidence was clearly too remote and was properly excluded.

Error is asserted in that the trial court excluded the evidence of a police officer and the cab driver to the effect that Holmes did not state at the police station following the accident that the cab entered Lake Street from Twenty-fifth Street after running the stop sign. The question was: "Did you ever hear anybody, any witness, claim that the Ritz Cab Company or the Ritz cab was driving north and south?" The question was objected to as irrelevant, incompetent, calling for hearsay, not proper examination. The objection was sustained. The offer of proof was: "Offer to prove by this witness that the defendant who has been dismissed out of this case, Harry Holmes, never made any claim at any time prior to this time that the taxicab was going north and south or that it ran the stop sign and that if the question was permitted to be answered, that the officer would so testify." Whether the witness had heard "anybody, any witness" claim that the cab was traveling north and south was not material and hearsay. It is not claimed that Holmes made any statement in conflict with his evidence on the trial, or that he was questioned as to how the accident occurred. Under the circumstances shown, Holmes was under no duty to speak and, ordinarily, mere silence in such a situation does not affect the credibility of a witness. The ruling of the trial court was not prejudicially erroneous.

The defendant asserts that instructions Nos. 7, 8, 9, 11, and 17 were prejudicially erroneous. Before discussing the instructions complained of we point out that this suit was brought against the Ritz Taxicab Company and Holmes. The deceased was admittedly the guest of Holmes. The liability of Holmes as the host was for gross negligence only. Gross negligence by

Holmes not being established, a verdict was directed in his favor. The case then proceeded on the allegations of negligence on the part of the Ritz Taxicab Company. The latter asserted that the negligence of Holmes was the sole proximate cause of the accident which, if established, would require a verdict for the Ritz Taxicab Company. On the other hand, the Ritz Taxicab Company was liable if its negligence was the proximate cause of the accident, or a proximately contributing cause to the accident even if Holmes was negligent as alleged by the Ritz Taxicab Company. Segebart v. Gregory, 156 Neb. 261, 55 N. W. 2d 678. The trial court instructed on the foregoing theory.

The defendant contends that the instructions complained of were prejudicially erroneous in that they did not adequately instruct the jury on defendant's theory of the case. The theory of defendant's case was clearly and accurately set forth in instruction No. 3. Defendant's contention has no merit.

By instruction No. 7 the court instructed the jury that, in determining if plaintiff has sustained the burden of proof imposed on her, she is entitled to the benefit of all the evidence produced at the trial including any evidence produced by the other party. The instruction then stated: "In other words, the burden of proof which a party has may be supported by evidence produced by the opposing party as well as by his or her own evidence." The complaint is that the plaintiff was given the benefit of the rule and the defendant was not. The objection is without merit. The quoted portion of the instruction applied the rule to any party having the burden of proof on any issue. In the absence of a request for a more comprehensive instruction the instruction was adequate. We find no error prejudicial to the defendant in instruction No. 7.

By instruction No. 8 the trial court instructed the jury in part as follows: "In this connection, you are admonished that the truth of the charge of negligence by

the defendant Ritz Taxicab Company against Harry Holmes as being the proximate cause of the accident is for your determination in arriving at your verdict and if you find, by a preponderance of the evidence, that negligence on his part in one or more of the particulars stated and identified by the letters A to E, inclusive, in Instruction No. 3 was the sole, proximate cause of the accident, your verdict must be for the defendant Ritz Taxicab Company." It is contended that the use of the words "by a preponderance of the evidence" placed the burden of proof on the Ritz Taxicab Company to establish that the negligence of Holmes was the sole proximate cause of the accident, contrary to our holdings in Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557, and other cited cases. The instruction does not put the burden of proof on this proposition on defendant, but, to the contrary, advises the jury that if it finds by a preponderance of the evidence that the negligence of Holmes was the sole proximate cause of the accident, it should find for the Ritz Taxicab Company. The instruction is a correct statement of the law and the cases cited have no application.

Defendant asserts that instruction No. 9 is erroneous in that it does not limit the negligence therein mentioned to acts of negligence pleaded. Other instructions make this point abundantly clear and the jury could not have been misled thereby. Under the rule that instructions should be considered as a whole, we find that instruction No. 9 in no way was prejudicial to the rights of the defendant. The same contention is advanced as to instruction No. 11, and it is without merit for the same reason.

The complaint against instruction No. 17 is that, although it correctly defines the term "under the influence of alcoholic liquor," it did not advise the jury that the use of intoxicating liquor close in time to the accident is a circumstance proper to be considered in determining the question of negligence. The purport of this

instruction is to define the term "under the influence of alcoholic liquor" as it is used in the statute. § 39-727, R. R. S. 1943. There is no indication in it that any use of alcoholic liquor could not be considered, as the defendant contends. There is no error in the instruction. If defendant desired a more specific instruction on the subject it should have requested it. Not having done so, it is not subject to the attack made upon it by the defendant.

After an examination of all the instructions given by the court we conclude that they fairly submitted the issues that have support in the evidence and, consequently, prejudicial error cannot be successfully asserted against them.

Defendant complains of the failure of the trial court to instruct on contributory negligence and the comparative negligence doctrine. There was no evidence of contributory negligence on the part of the deceased, and the trial court properly so told the jury. In the absence of evidence of such contributory negligence the trial court properly excluded those issues from the consideration of the jury. Anderson v. Nielsen, 162 Neb. 110, 75 N. W. 2d 372.

It is asserted that the verdict is not supported by the evidence. The deceased was 46 years of age at the time of his death. He had a life expectancy of 24.43 years at that time. The widow was 39 years of age at the time of trial and had a life expectancy in excess of that of deceased. The deceased left two children surviving, Herbert, age 4, and Virginia, age 5. The deceased was earning gross pay of $93 per week, and take-home pay of $75 to $80 per week. The deceased was injured on December 19, 1958, and died on January 3, 1959, as the result of the injuries sustained in the accident here involved. Funeral expenses were $786. Hospital expenses were $623.10. Medical bills amounted to $735. The evidence of the widow is that the earnings of the deceased were used to maintain the family and the

home. The widow receives social security in the amount of $142.60 per month, which she expects to continue to receive until the children are 16 years of age. She also was paid $255 as a burial benefit. The evidence also shows that the widow was gainfully employed and has been for 14 years. Her pay is $62.50 every 2 weeks, which has been contributed to the support of the family.

The jury returned a verdict for $1,358.10 on the first cause of action, it being the amount of the hospital and medical bills that were not disputed by the evidence. The verdict on the second cause of action was in the amount of $30,000, which is supported by evidence within the purview of sections 30-809 and 30-810, R. R. S. 1943, the wrongful death statutes. The verdict on the third cause of action was for $531, the same being the amount of the funeral expenses of $786, less the burial benefit paid the widow in the amount of $255.

The verdict and judgment are sustained by sufficient evidence. We find no prejudicial error in the record. The judgment is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.