JACK SCHAFFER, APPELLANT AND CROSS-APPELLEE, v. GILBERT BOLZ ET AL., APPELLEES AND CROSS-APPELLANTS.

149 N. W. 2d 334

Filed March 17, 1967. No. 36378.

Malcolm D. Young, Moyer & Moyer, and William E. Naviaux, for appellant.

Groth & Biehn and Deutsch & Hagen, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for damages arising out of an auto-

mobile accident. The jury returned a verdict for the plaintiff, Jack Schaffer, in the amount of $10,500. The plaintiff moved for a new trial on the issue of damages on the ground that the verdict was inadequate and that the trial court had erred in permitting the defendants to prove the limits of an applicable liability insurance policy. The defendants, Farrell Bolz, Gilbert Bolz, and Frances Bolz, each moved for judgment notwithstanding the verdict.

The trial court found that the verdict was grossly inadequate and had been rendered in disregard of the instructions and evidence, and granted a new trial upon all issues. The plaintiff has appealed and the defendants have cross-appealed.

The accident happened at about 12:15 a.m., on February 17, 1963. The plaintiff and Farrell Bolz had been to Yankton, South Dakota, and were returning to Norfolk, Nebraska. The automobile in which they were riding struck the guard railing on the approach to a bridge on U. S. Highway No. 81 approximately 4 miles north of Norfolk, Nebraska, and then left the highway, coming to rest in a field east of the highway. The plaintiff sustained a fracture of the 12th thoracic vertebra with complete loss of motor and sensory functions below that level. His condition is described as paraplegia.

The amended petition alleged that Farrell Bolz was driving the automobile at the time of the accident; that the automobile was a family purpose automobile owned and maintained by Gilbert Bolz and Frances Bolz for the pleasure and convenience of their son, Farrell Bolz; and that the accident was caused by the gross negligence of Farrell Bolz.

The amended answer alleged that the automobile was being operated by the plaintiff; and that if it were found that Farrell Bolz was driving at the time of the accident, the plaintiff's recovery was barred by his contributory negligence and his assumption of the risk.

The plaintiff was 20 years of age at the time of the

accident. He was in good health and had no disability. As a result of the injuries sustained in the accident, he was hospitalized for long periods of time and required to submit to surgical procedures. He is now a paraplegic residing in a nursing home. We think the trial court was correct in determining that the verdict was grossly inadequate and rendered in disregard of the instructions and evidence.

The plaintiff contends that the new trial should be limited to the issue of damages only. Where the issue of liability has been determined fairly but there has been error in the determination of damages which requires that the verdict be set aside, the new trial may be limited to the issue of damages alone. Caster v. Moeller, 176 Neb. 446, 126 N. W. 2d 485. But where it appears that the verdict was the result of a compromise, the new trial should be upon all issues.

The automobile involved in the accident was a 1958 Ford convertible. The liability insurance on this automobile had been purchased by Gilbert Bolz and he was the named insured. The defendants were allowed to introduce, over objection, exhibits and testimony relating to the insurance policy which disclosed that the policy limits were $10,000 for each person, $20,000 for each accident, and $500 medical payments for each person. The admission of this evidence relating to the policy limits was erroneous and prejudicial and may have influenced the jury to return a compromise verdict for the exact amount of the coverage provided.

The plaintiff contends that the new trial should be limited to the issue of damages because misconduct on the part of defendants' counsel has made it impossible for the plaintiff to obtain a fair trial upon the issue of liability. The misconduct complained of consists of a letter which was sent to each juror that was a member of the panel or of the jury that heard the case. The letter was dated March 26, 1966, and was sent while the plaintiff's motion for new trial was pending. It advised

each juror that a polygraph or "lie detector" test had indicated that Farrell Bolz was not driving the automobile at the time of the accident, but that the results of the test had not been offered in evidence "because the Nebraska court does not recognize such tests as having been scientifically established."

At this time we are concerned only with the plaintiff's contention that he has been prevented from obtaining a fair trial upon the issue of damages. Whatever may be the fact, the record does not establish that this contention is true. We are unable to say, as a matter of law, that the conduct of defendants' counsel has prevented a fair new trial upon the issue of liability. Upon the present state of the record, the plaintiff's contention cannot be sustained.

By cross-appeal the defendants contend that their motions for judgment notwithstanding the verdict should have been sustained. The defendants contend that the evidence established that the plaintiff was guilty of contributory negligence and assumption of risk as a matter of law.

The evidence shows that the plaintiff and the defendant, Farrell Bolz, left Norfolk, Nebraska, at about 9 p.m. On the trip to Yankton, South Dakota, Farrell drove the car. They had an eight-pack of beer in the automobile and each of them drank four cans on the way to Yankton. At a pizza house in Yankton, they each had one glass of 3.2 beer. At another bar they each ordered one beer and had "about two drinks out of it."

On the trip back to Norfolk, the plaintiff drove the automobile during the first part of the trip. There is no evidence that Farrell drank any beer after they left Yankton.

The evidence is in conflict as to what happened just before the accident. Farrell testified that he went to sleep on the return trip and did not remember anything after crossing U. S. Highway No. 20 until he awakened in the hospital a day and a half after the accident.

The plaintiff testified that he drove the automobile to a point near the Madison County line where he stopped the automobile at the request of Farrell. Farrell then insisted that he be allowed to drive the automobile. The highway was slippery and, according to the plaintiff, Farrell commenced driving at a very high speed with the car weaving back and forth across the road. The plaintiff asked Farrell to slow down or stop, but Farrell kept driving faster. The automobile eventually struck a guardrail on a bridge approach on the west side of the road and then left the highway, coming to rest in a field some 903 feet from the bridge. The automobile was equipped with a high-powered engine, and it is clear that it was traveling at a very high rate of speed when it left the highway.

The defendants' theory is that Farrell was intoxicated to such an extent that, as a matter of law, the plaintiff was guilty of contributory negligence and assumed the risk of injury by riding in the automobile with Farrell.

A guest may be guilty of contributory negligence, or assumption of risk, by riding or continuing to ride with a driver who he knows, or in the exercise of ordinary care and diligence should know, is so intoxicated that he is unable to operate the vehicle with proper prudence or skill. Landrum v. Roddy, 143 Neb. 934, 12 N. W. 2d 82, 149 A. L. R. 1041. See, also, McGrath v. Nugent, 133 Neb. 237, 274 N. W. 549. But knowledge that the driver has been drinking does not necessarily bar the recovery by a guest. The rule contemplates a situation where the driver is really and perceptibly under the influence of liquor and actual ascertainable intoxication exists to such an extent that the guest is charged with knowledge of it. See, Annotation, 15 A. L. R. 2d 1165; 5 Blashfield, Automobile Law and Practice (3d Ed.), § 215.30, p. 389.

The evidence as to intoxication in this case consists of the evidence as to the quantity of beer consumed by the parties. Most of the beer was consumed on the trip to

Yankton while Farrell was driving the automobile. There was testimony that Farrell drove during a part of the time they were in Yankton, but there is no evidence that his driving was erratic or unusual until just before the accident.

The defendants did not allege that Farrell was intoxicated; no witness testified that he was intoxicated; and the plaintiff testified that Farrell was not intoxicated. Whether Farrell was intoxicated and the extent to which his condition was apparent were inferences to be drawn from all of the evidence in the case. We think the trial court was correct in holding that these were questions for the jury.

The defendants, Gilbert Bolz and Frances Bolz, further contend that the trial court should have determined, as a matter of law, that the automobile involved in the accident was not a family purpose automobile. A family purpose automobile is one which is furnished by the head of the family for the general use, pleasure, and convenience of the members of the family. McBroom v. Wolsleger, 180 Neb. 622, 144 N. W. 2d 199.

The certificate of title to the automobile involved in this case was issued to "Gilbert Bolz &/or Francis Bolz WROS." The purchase price of $1,200 was paid by Gilbert Bolz. Gilbert Bolz paid the taxes and registration fees and paid for the insurance on the automobile. After the accident Gilbert Bolz paid a bill for transmission repair and disposed of the automobile for salvage.

In addition to the 1958 Ford convertible, Gilbert Bolz owned two other automobiles and a farm truck. Farrell was the only child old enough to drive. The convertible was used by Farrell for pleasure and to drive back and forth to school. His sister, who was in high school, rode with him. When the convertible was being repaired, Farrell drove one of the other automobiles.

The convertible was classified as 2C for insurance purposes which indicated that it was owned or used by a male unmarried person under 25 years of age. The evi-

dence relating to the classification for insurance purposes was of such slight relevance or materiality that we believe it should not have been received.

The defendants produced evidence that Farrell Bolz had wanted to buy an automobile with $902.57 which he had received from the sale of some calves that he had raised. Farrell had turned this money over to his father, Gilbert Bolz, before the convertible was purchased, and Farrell was to reimburse his father for the balance.

There is evidence in this case that the head of the family purchased, owned, and maintained the automobile for the use of a member of his family. Although there is evidence that Farrell assisted in the purchase and maintenance of the automobile, the evidence does not show the actual amount of his contribution. The evidence presented a question for the jury as to whether the convertible was a family purpose automobile. The trial court was correct in determining that the issue was one of fact for the jury.

The order of the district court granting a new trial upon all issues is affirmed.

AFFIRMED.