LARRY E. RASKEY, APPELLANT, V. BASYL HULEWICZ, APPELLEE.

177 N. W. 2d 744

Filed June 5, 1970. No. 37391.

Cobb, Swartz & Wieland, for appellant.

J. Arthur Curtiss of Baylor, Evnen, Baylor, Urbom & Curtiss, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an action for personal injuries arising out of an automobile accident occurring on March 4, 1962. Plaintiff, Larry E. Raskey, was riding as a guest passenger in an automobile driven by the defendant, Basyl Hulewicz. The district court submitted the case to the jury on the issue of the gross negligence of the defendant and it returned a verdict in his favor. Questions of error in instructions and of the admissibility of evidence are raised by the assignments of error. We affirm the judgment of the district court.

The record supports a jury finding of the facts as follows: On Sunday, March 4, 1962, the defendant Hulewicz picked up the plaintiff and a cousin of the plaintiff at the plaintiff's home. It had become quite customary for the plaintiff and the defendant on Sunday afternoons to go riding and drink beer. The plaintiff himself stated that this had occurred on numerous occasions, perhaps up to ten times. On this Sunday afternoon, they picked up a friend, Larry Grady, who was of age, at a bowling alley in Lincoln. He procured a case of beer for them in Emerald and they started driving around. They ran out of beer, and proceeded driving back on U. S. Highway No. 6 to get some more beer, when the weather was becoming snowy and icy, and as a result a head-on accident occurred. The plaintiff himself testified that he was of the opinion that the defendant was a good driver at times, but a reckless driver at other times, and he had ridden with the defendant in drag races on city streets.

There is conflicting testimony as to who furnished the

money for the beer, but the evidence supports the finding that all of the boys contributed. On the way back to get more beer, they were driving on highway 6 east of Emerald. The road became icy and slippery. The defendant lost control of his car, crossed the centerline of the highway and hit a truck on the opposite shoulder of the highway, resulting in serious injury to the plaintiff. The driver of the truck had seen the car veering across the centerline and had driven onto the shoulder of the road at the time it was hit. The evidence as to the occurrence of the accident is undisputed. The recollection of both the plaintiff and the defendant is hazy and vague and there is no dispute as to the truck driver's testimony. It appears that the defendant's car was fishtailing for some time before the accident and the evidence supports the finding that there were no warnings or cautionary statements or protestation on the part of the plaintiff or any other passenger in the automobile during the period immediately preceding the accident. The defendant's explanation of his action in crossing the centerline was that he unexpectedly struck a patch of ice on the road, which together with a strong wind blowing, caused him to lose control of his car and it slid across the road into the oncoming truck.

The plaintiff's first contention is that the court erred in submitting the issues of contributory negligence and assumption of risk to the jury in instruction No. 2. In this case there was ample evidence that the parties had pursued this same course of action on previous occasions of driving and drinking beer and that the actions on this particular day were by mutual agreement and contemplated by both the plaintiff and the defendant. The record also reveals that the plaintiff had knowledge of the fact that there was risk involved in the drinking of beer while driving, even though he did not anticipate this particular accident. This case is closely parallel, if not directly in point, with our recent pronouncement in Schaffer v. Bolz, 181 Neb. 509, 149 N. W. 2d 334. There,

as here, there was evidence as to the extent of consumption of alcoholic beverages by both parties but no direct evidence as to the effect this would have on the defendant's driving ability. It was there stated: "A guest may be guilty of contributory negligence, or assumption of risk, by riding or continuing to ride with a driver who he knows, or in the exercise of ordinary care and diligence should know, is so intoxicated that he is unable to operate the vehicle with proper prudence or skill. * * * The defendants did not allege that Farrell was intoxicated; no witness testified that he was intoxicated; and the plaintiff testified that Farrell was not intoxicated. Whether Farrell was intoxicated and the extent to which his condition was apparent were inferences to be drawn from all of the evidence in the case. We think the trial court was correct in holding that these were questions for the jury."

The evidence introduced was clearly sufficient to warrant the submission of the issues of assumption of risk and contributory negligence to the jury. Under the brief statement of facts previously given the jury could reasonably infer that the defendant was intoxicated as the result of the concerted and continued drinking of the parties. From all of the circumstances it could have inferred that the plaintiff knew, or in the exercise of ordinary care and diligence should have known, that the defendant was so intoxicated that he was unable to operate his motor vehicle with proper prudence and skill. In Kaufman v. Tripple, 180 Neb. 593, 144 N. W. 2d 201, a quite similar case, our court said as follows: "Whether or not the knowledge of a guest, that the host driver of an automobile has been drinking, will operate to prevent a recovery of damages in a particular case depends upon all the facts and circumstances of the case, and is usually a question for the jury. Landrum v. Roddy, supra." We have examined jury instruction No 2 and it carefully and adequately submitted the defenses of contributory negligence and assumption of risk to the jury.

Plaintiff next contends that the district court erred in submitting the defense of contributory negligence without a sufficient explanation of the duty owed by a guest to his driver. The plaintiff's position in the district court and his assignment of error in this court is to the *fact* of the submission of the issue of contributory negligence, rather than as to the method of submission to the jury. Although assigned as error in this court now, it is not properly before this court for consideration because it was not specifically assigned as error in plaintiff's motion for a new trial. Jones v. Peterson, 184 Neb. 141, 165 N. W. 2d 713. As we point out in this opinion there was no error in the instructions on the issues, instructions Nos. 2 and 8, as the trial court gave them. The plaintiff, although requesting instructions in other areas, made no request to the trial court for such instruction as to the duty of the plaintiff prior to the submission of the case to the jury. It appears now as an afterthought without any opportunity for the trial judge to pass upon it. Throughout the trial plaintiff consistently contended that it is error to submit the issue of contributory negligence to the jury.

The district court in instructions Nos. 2 and 8 closely followed our previous holdings in this respect. See, Kaufman v. Tripple, *supra;* Schaffer v. Bolz, *supra.* The trial court confined the consideration of the jury to intoxication as a circumstance to be considered with all of the other evidence in relation to the allegation of gross negligence. It is true that plaintiff gave no warning to the defendant immediately prior to the accident but, according to the plaintiff's own evidence, there was no reason therefor because the automobile suddenly hit an icy patch, which together with the wind, caused him to slide across the road. In light of this situation, consequently, there was nothing before the court on which to warrant the customary instruction as to the conduct of a guest while riding in an automobile as outlined in the cited cases of Pankonin v. Borowski, 167 Neb. 382, 93

N. W. 2d 41, and Kuska v. Nichols Construction Co.,
154 Neb. 580, 48 N. W. 2d 682. The court carefully con-
fined submission of this issue to the parties' conduct in
their consumption of alcoholic beverage and its effect
upon the driving of the automobile as related to the issues
of assumption of risk and contributory negligence. There
is no merit in the plaintiff's contention that the district
court failed to properly submit these issues under the
evidence in this case.

Plaintiff alleges error in instruction No. 8 which reads
as follows: "Any evidence you find of the drinking
of intoxicants by either the plaintiff or the defendant
shall not, by itself, be considered as negligence or gross
negligence, but is a circumstance which may be con-
sidered by you together with all other facts and circum-
stances in the case in determining the existence or non-
existence of negligence or gross negligence." The plain-
tiff argues that since the trial court did not directly sub-
mit the issue of defendant's intoxication or being under
the influence of intoxicating liquor, this instruction has
no place in the case. We first note that the plaintiff
originally alleged intoxication in his petition as a spe-
cific item of negligence of the defendant. However, the
record shows that he later amended his allegation and
in the specific allegations of negligence, which the court
did actually submit to the jury, there is no mention of
the defendant's intoxication or being under the influ-
ence of intoxicating liquor. The instruction was correct.
We have held that where there is no evidence presented
as to the effect of intoxicants upon the part of the par-
ties involved, it is not proper to submit that issue di-
rectly to the jury. Rather, as pointed out by Kaufman
v. Tripple, *supra*, Langford v. Ritz Taxicab Co., 172 Neb.
153, 109 N. W. 2d 120, and Schaffer v. Bolz, *supra*, the
proper instruction in such a case is to point out to the
jury that evidence of the odor of liquor on one's breath
or the consumption of alcoholic beverages is not, stand-
ing alone, evidence of negligence but may be considered

together with all other facts and circumstances of the case. In Gilliland v. Wood, 158 Neb. 286, 63 N. W. 2d 147, this court held: "There is evidence by three witnesses that there was a strong odor of intoxicating liquor on defendant's breath immediately following the accident. The instruction as given stated: 'With reference to the allegation of plaintiff's petition that the defendant, Fred Wood, was under the influence of intoxicating liquor at the time of the accident in question, you are instructed that if you find from a preponderance of the evidence *that said allegation is true, that, in and of itself, and standing alone, would not be proof of negligence;* and before you would be justified in finding against the defendant because of intoxication you must further find by a preponderance of the evidence, from all the facts and circumstances shown by the evidence, that his condition of intoxication manifested itself in physical acts or omissions in the operation of his automobile which would constitute negligence, and that said physical acts or omissions in the operation of his automobile, caused by such alleged intoxication, were negligent and were proximate causes of the injury to and death of Marian Elaine Gilliland.' * * * We think the instruction was properly given. It was made clear that the evidence of intoxication standing alone was insufficient upon which to find a verdict for the defendant. *The jury was told that this evidence, when taken in connection with other manifestations of acts or omissions constituting negligence, was proper to be considered in determining whether the defendant was negligent. This, we think, correctly states the rule applicable to a situation of this kind."* (Emphasis supplied.) We see no merit in plaintiff's contention that the jury was improperly instructed or that there was anything misleading in the instruction given.

Plaintiff alleges further error in the trial court's refusal to admit evidence as to the result of a urine test. The foundational evidence was clearly insufficient and

the trial court was correct in rejecting, on this ground alone, the proffered evidence of the chemical analysis of a urine sample. It appears that the defendant was taken to a hospital immediately after the accident. The recital of the different witnesses of what happened on that date, March 4, 1962, is vague, inconsistent, and inconclusive. None of them were aided by refreshing memoranda. The patrolman did not remember by whom or in what manner the urine sample was taken. He testified that he remembers an "empty" bottle but he could not recall what he had done with it. He did not remember whether he or a nurse had given the bottle to the defendant or whether Ronald Lahners, a deputy county attorney, did so. He "assumes" that he put his signature on the sealing label but he testified several times that his "testimony" is based upon what he usually did, rather than what he specifically recalled doing in this instance. The point is there was no evidence that what he usually did is what he did in this particular case. In fact, the testimony by the chemist refutes that what the patrolman usually did or what he "assumed" he did was what happened. The chemist testified that when he got the bottle it said "collected by Ronald Lahners" on it and that it *did not* have the patrolman's name on it. The testimony of Lahners further supports the trial judge's finding of an almost entire absence of foundational testimony as to this urine specimen. Lahners testified that he does not assist in the collection of urine specimens, and that he did not even recall telling anyone to do so in this case. He stated that he could not recall anything that occurred in the emergency room at the hospital and if that was the room involved he could not relate the procedure that was followed there. On the other hand, the patrolman's recollection is that the urine sample was taken in the emergency room. In any event, the authenticity of the urine sample must be unequivocally established before its admission into evidence, as an elementary safeguard of a defendant's

rights. The testimony as to the identification of the person responsible for and taking the urine sample in this case is equivocal at best. The customary procedure of written identification by signature of a directing and controlling officer who took it is not present. Considerable discretion is vested in the trial judge, who saw and observed the witnesses and evaluated this testimony, in determining the sufficiency of foundation for the admission of exhibits in evidence. We can find no abuse of discretion under the circumstances of this case. It rests on suspicion and conjecture. We find no abuse in the trial court's discretion especially in light of the fact that the authenticating procedure followed by the state Safety Patrol and the authorities generally was neither followed nor established according to the officers' own testimony.

In any event this evidence was inadmissible even if the identification testimony had the required factual foundation. The presumption of intoxication flowing from an alcoholic content of a fixed percentage contained in section 39-727.01, R. R. S. 1943, has no application in a civil case. Hoffman v. State, 160 Neb. 375, 70 N. W. 2d 314; Fossum v. Zurn, 78 S. D. 260, 100 N. W. 2d 805. The percentage of the alcohol content of the body fluids of a defendant in a civil matter is relevant, in the absence of a presumption, only when accompanied by expert opinion evidence of the effect thereof. Vore v. State, 158 Neb. 222, 63 N. W. 2d 141; Nisi v. Checker Cab Co, 171 Neb. 49, 105 N. W. 2d 523, Fossum v. Zurn, *supra;* Mattingly v. Eisenberg, 79 Ariz. 135, 285 P. 2d 174.

Other assigned errors as to admission of evidence to the measure of damages will not be considered as they are unnecessary in light of the jury's finding for the defendant on the issue of liability. Perrine v. Hokser, 158 Neb. 190, 62 N. W. 2d 677.

The judgment of the district court is correct and is affirmed.

AFFIRMED.