MICHAEL R. FORTIN, APPELLANT AND CROSS-APPELLEE, v. RICHARD L. HIKE, APPELLEE AND CROSS-APPELLANT.

287 N. W. 2d 681

Filed January 22, 1980. No. 42482.

Jeffrey A. Silver and Weber Law Offices, for appellant.

Michael F. Kinney of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is an action brought by Michael R. Fortin to recover damages for personal injuries suffered by him when the automobile he was driving collided with one driven by Richard L. Hike. The collision occurred at the intersection of two highways which was controlled by automatic traffic lights. The jury found against the plaintiff Fortin and in favor of the defendant Hike on a counterclaim. Fortin has appealed and Hike has cross-appealed. Each assigns various errors.

The collision occurred on February 19, 1977, at approximately 1:30 a.m., in Bellevue, Nebraska, at the intersection of U. S. Highway 73-75 and Cornhusker Drive. The Fortin vehicle was northbound on U. S. Highway 73-75. Hike was eastbound on Cornhusker Drive.

Fortin testified that when he was 20 feet from the intersection he had the green light. If that testimony was correct, then it may be inferred from the light change pattern testified to by a traffic signal engineer that the light was either green or yellow when he entered the intersection. He admitted that he never saw Hike's vehicle until an instant before impact and testified that he did not have time to stop or swerve.

Hike testified that when he was about a block and a half from the intersection the traffic light controlling Cornhusker Drive was green and that it was still green when he entered the intersection. He did not recall seeing the Fortin vehicle at all before the impact.

The photographic evidence makes plain that the

traffic lights controlling this particular intersection are readily observable.

The collision occurred in the southeast quadrant of the intersection. Fortin was stunned or briefly rendered unconscious by the impact. Hike was rendered unconscious.

Except for the parties to this action, there were no witnesses who saw the impact. One witness who arrived at the accident scene shortly after it occurred testified that Hike had an odor of alcohol on his breath. A hospital nurse and a deputy sheriff who arrived at the accident scene both testified that Fortin had a smell of alcohol on his breath. The nurse testified that his speech was slurred. Both drivers admitted drinking a couple of beers earlier that evening. No testimony was elicited concerning the effect of alcohol on either party and apparently no blood samples were taken or tested for alcoholic content.

Fortin assigns as error, among other things: (1) The court erred in not allowing rebuttal testimony of George Guenther as to statements which Hike allegedly had made to him after the accident. (2) The court erred in submitting to the jury the issue of Fortin having operated his motor vehicle while in an intoxicated condition. Hike, on his cross-appeal, asserts that the trial judge erred in ordering a remittitur of $3,900 of the $10,159.64 verdict which the jury awarded.

We find that the trial court erred in refusing to allow Guenther's testimony, and also erred in submitting to the jury the issue of the plaintiff Fortin having been in the operation of a motor vehicle while intoxicated. We, therefore, reverse and remand for a new trial.

We first confront the issue of the rejection of the rebuttal testimony. As already noted, Hike testified at trial that the light was green at the time he entered the intersection. After Hike had presented his

evidence in defense and in support of his counter-claim, Fortin offered the testimony from Guenther to the effect that Hike made a statement to the witness, the substance of which was that Hike was not looking at the traffic light as he entered the intersection and that he last saw the green light while still ½ block from the intersection. The trial judge ruled that this would be improper rebuttal since Hike had previously testified and was never asked during cross-examination if he had made the alleged prior inconsistent statement.

Admissions of a party are excepted from the rule that a foundation must be laid on cross-examination in order to make prior inconsistent statements of a witness admissible. Section 27-613, R. R. S. 1943, provides in part as follows: "(2) Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in subdivision (4) (b) of section 27-801." In the recent case of Hyde v. Cleveland, 203 Neb. 420, 279 N. W. 2d 105, the same issue, proper use of rebuttal testimony, was presented. In that case the following rule was stated: "The admissions and declarations of a party to an action against his own interest, upon a material matter, are admissible against him as original evidence and may be used as rebuttal evidence, and, where he is examined as a witness in his own behalf, it is unnecessary to lay foundation for the admission of such evidence by cross-examination."

It was error for the trial court to refuse to allow rebuttal testimony of George Guenther, offered by Fortin.

Hike argues that even if the ruling was erroneous, it was not prejudicial because of the jury's implicit

finding that Hike had the green light when his vehicle entered the intersection, and that such finding is rather conclusively supported by the evidence. This contention is founded principally upon two portions of the evidence. Ronald Dooley, a state traffic signal engineer, testified that it was impossible for the traffic light for both U. S. Highway 73-75 and Cornhusker Drive to be green at the same time. The traffic lights are controlled by four sensors in the highways, three of which are 400 feet from the intersection and one of which is 430 feet from the intersection, as well as by additional sensors in the left turn lanes of U. S. Highway 73-75, which is the north and south highway. The pattern and timing of the lights depend upon both volume of traffic and upon the time when the sensors are activated by the traffic. Dooley testified as to which of the two vehicles would have the green light, depending upon various factual assumptions tied to the testimony of the two parties. Without detailed analysis, suffice it to say that the jury had to determine which of the two parties' testimony was correct before it could properly apply the expert testimony to the facts as it found them to be. Ultimate conclusions depended upon which of the parties the jury believed. Hence it would appear that impeaching testimony could be of considerable import to the jury.

There was also testimony from a disinterested witness who did not actually see the impact but who came upon the scene shortly after the collision. Her testimony was such that it was possible to infer the light was red to northbound traffic on U. S. Highway 73-75 at the time the collision probably occurred. The weight to be given that evidence was for the jury.

We cannot tell with certainty from the record whether the foregoing items of testimony were determinative factors in the jury findings and, therefore, we cannot say whether the impeaching testi-

mony would have made a difference in the verdict. The refusal to admit the impeaching testimony as an admission of Hike must, therefore, be deemed prejudicial error.

Fortin argues that the evidence was insufficient to allow the trial court to submit to the jury the issue of whether he was intoxicated at the time of the collision and whether that was a proximate cause of the accident.

A reading of the opinions of this court and others relative to the issue of drinking alcoholic liquors by, or the intoxication of, the operator of a motor vehicle as evidence of negligence, leads us to distinguish three factual situations: (1) There is evidence of consumption of alcoholic liquors by the operator of a motor vehicle and an absence of evidence from which the trier of fact might conclude that the drinking affected the safe operation of the vehicle, and there is no evidence of any other alleged negligent act. (2) There is evidence of consumption of alcoholic liquors, accompanied by other evidence of a negligent act or acts which may have proximately caused the accident. (3) There is evidence of consumption of alcoholic liquor by the driver, together with evidence of facts or circumstances or competent opinion, either lay or expert, from which the trier of fact could conclude that because of the consumption of alcohol the physical or mental faculties of the driver were impaired in any appreciable degree so as to affect the driver's ability to operate his motor vehicle as an ordinarily prudent and cautious driver would operate it.

In the first situation, the consumption of alcohol as a negligent act should not be submitted. Branch v. Wilkinson, 198 Neb. 649, 256 N. W. 2d 307; Raskey v. Hulewicz, 185 Neb. 608, 177 N. W. 2d 744; Kaufman v. Tripple, 180 Neb. 593, 144 N. W. 2d 201. In the second situation, the consumption of alcohol alone is not evidence of negligence, but may be considered by

the trier of fact together with evidence of the other acts or omissions from which negligence may be inferred. Raskey v. Hulewicz, *supra*; Kaufman v. Tripple, *supra*; Langford v. Ritz Taxicab Co., 172 Neb. 153, 109 N. W. 2d 120; Schaffer v. Bolz, 181 Neb. 509, 149 N. W. 2d 334; Nisi v. Checker Cab Co., 171 Neb. 49, 105 N. W. 2d 523; Gilliland v. Wood, 158 Neb. 286, 63 N. W. 2d 147. In the third situation, intoxication is submissible as an independent act of negligence contributing to the accident. Raskey v. Hulewicz, *supra*; Kaufman v. Tripple, *supra*.

Where the evidence is conflicting, of course, the determination of the issue is one for the trier of fact. Nisi v. Checker Cab Co., *supra*; Gilliland v. Wood, *supra*.

In the case now before us, there was no evidence, either opinion or by way of description, of Fortin's conduct, or other facts and circumstances which would authorize the submission of the issue of Fortin's intoxication as independent evidence of negligence proximately causing the collision. Evidence of Hike's drinking (his own admission) coupled with evidence tending to show that he either failed to observe or deliberately drove through a red traffic light would authorize an instruction appropriate to the second evidentiary situation above described.

Because the cause must be remanded for a new trial, it is not necessary to consider other assignments of error made by Fortin or to consider Hike's cross-appeal.

REVERSED AND REMANDED FOR A NEW TRIAL.