LUCILLE HOFFMAN, APPELLANT, V.
KATHRYN A. CRAWFORD, APPELLEE.

299 N.W.2d 179

Filed December 1, 1980. No. 43095.

James P. Miller for appellant.

Patrick B. Donahue of Cassem, Tierney, Adams, Gotch & Douglas for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This was an action for damages arising out of an automobile accident. The plaintiff, Lucille Hoffman,

was a passenger in an automobile operated by the defendant, Kathryn A. Crawford, when the Crawford automobile struck the rear end of another automobile that was stopped. As a result of the collision, the plaintiff was injured.

The accident happened at about 4:30 p.m. on March 26, 1979. The plaintiff and the defendant had been to a wedding and had stopped at a bar after the ceremony. While at the bar, the defendant consumed one can of beer and part of a second can.

The accident happened at the intersection of 78th and Harrison Streets near Omaha, Nebraska. Harrison is a two-lane paved street which runs east and west. Seventy-eighth Street running north from Harrison intersects Harrison approximately 30 or 40 feet east of 78th Street running south from Harrison.The defendant had turned on to Harrison at 84th Street and was proceeding east at approximately 35 miles per hour. As the defendant approached 78th Street, she saw an automobile headed west which was stopped partly in her lane waiting for traffic to clear so that it could turn south onto 78th Street. The defendant turned slightly to the right and passed this automobile and then proceeded east approximately 40 or 50 feet before the collision occurred. The automobile with which the defendant's automobile collided was stopped waiting for the vehicle in front of it to turn north onto 78th Street. The defendant gave no explanation for the accident other than that she did not see the automobile in front of her in time to stop.

The amended petition alleged that the accident was the result of gross negligence on the part of the defendant in failing to keep her vehicle under reasonable control, in driving at an excessive rate of speed, in failing to keep a proper lookout, and in driving under the influence of intoxicating liquor. The last specification of negligence was not submitted to the jury, which returned a verdict for the defendant. The plaintiff contends it was error to withdraw this specification of negligence from the jury.

Although there was evidence that the defendant had consumed one can of beer and part of another a short time before the accident happened, there was no evidence that the defendant was intoxicated or under the influence of intoxicating liquor at the time the accident happened. In the absence of evidence as to the effect upon a driver of alcohol consumed by him, the issue of intoxication should not be submitted to the jury. *Fortin v. Hike,* 205 Neb. 344, 287 N.W.2d 681 (1980); *Branch v. Wilkinson,* 198 Neb. 649, 256 N.W.2d 307 (1977).

The plaintiff testified that, as the defendant drove out of the shopping center where the bar was located, the automobile struck a sewer inlet, and the plaintiff said, "Hey, watch it." The defendant testified that she did not recall the incident and it is not clear from the record exactly what the inlet was or where it was located. The record is clear that the plaintiff made no other complaint about the defendant's driving at any time before the accident.

A police sergeant employed by the city of La Vista came to the scene of the accident and made an investigation. This officer testified that he was at the scene of the accident for 20 to 30 minutes and talked with the defendant. He further testified that he noticed nothing unusual about the defendant's speech, walk, or demeanor; he did not smell alcohol on her breath; he found no reason to administer a field sobriety or alkasensor test; and in his opinion, the defendant was not intoxicated. Upon the evidence in this case, it would have been error to submit the issue of intoxication to the jury.

The judgment of the District Court is affirmed.

AFFIRMED.