16 Neb. App. 435
PHILIP DAUBENMIER, APPELLANT,
v.
CHARLES S. SPENCE, APPELLEE.
No. A-06-433.
Court of Appeals of Nebraska.
Filed February 19, 2008.
Christopher D. Jerram, of Kelley & Lehan, P.C., for appellant.
Robert S. Keith and Kellie R. Harry, of Engles, Ketcham, Olson & Keith, P.C., for appellee.
IRWIN, SIEVERS, and MOORE, Judges.
IRWIN, Judge.

I. BACKGROUND
This case originated as a result of a single vehicle accident on April 5, 2003, in which Philip Daubenmier was a passenger and Charles S. Spence was the driver. The record indicates that both Daubenmier and Spence spent several hours at various bars in downtown Omaha, purchasing alcohol for each other and drinking, before the two got into Spence's vehicle, began to leave the area, and Spence hit a light pole. Daubenmier suffered injuries as a result of the accident and brought suit against Spence. Spence pled, as affirmative defenses, that Daubenmier assumed the risk and that he failed to mitigate his injuries by wearing a seat belt. Spence admitted liability for the accident, and the issue at trial was what, if any, monetary damages Daubenmier should be awarded. The jury found in favor of Spence, returning a verdict for $0. This appeal followed. The primary question presented on appeal concerns the application of the assumption of risk doctrine. More detailed facts will be set forth, as necessary, in the discussion section below.

II. ASSIGNMENTS OF ERROR
Daubenmier has assigned the following errors: that the district court erred in instructing the jury on Spence's assumption of risk defense, that the district court erred in instructing the jury on Spence's defense that Daubenmier failed to mitigate his damages by wearing a seatbelt, that the district court gave erroneous verdict forms, and that the district court erred in sustaining objections to Daubenmier's questioning of Spence.
We note that although Daubenmier has assigned error to the district court's sustaining of objections to Daubenmier's questioning of Spence, he failed to specifically argue this assignment of error in his brief. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. Olivotto v. DeMarco Bros. Co., 273 Neb. 672, 732 N.W.2d 354 (2007). We therefore will not consider this assigned error.

ANALYSIS

1. ASSUMPTION OF RISK INSTRUCTION
Daubenmier first asserts that the district court erred in instructing the jury on Spence's defense that Daubenmier assumed the risk of injury in this case. Daubenmier asserts that the evidence was insufficient to support instructing the jury on assumption of risk; that the instructions actually given were cumulative, confusing, and misleading to the jury; and that the statute authorizing assumption of risk as an affirmative defense violates equal protection.

(a) Sufficiency of Evidence
First, Daubenmier argues that the evidence was insufficient to support instructing the jury on assumption of risk. Daubenmier primarily argues that there was insufficient evidence to demonstrate that Daubenmier had knowledge of the specific danger of getting into Spence's vehicle after Spence had consumed an excessive amount of alcohol. We find sufficient evidence to demonstrate all of the required elements of assumption of risk, and we find this argument to be without merit.
[1,2] The defense of assumption of risk is derived from the maxim "volent[i] non fit injuria,'" which means that "`where one, knowing and comprehending the danger, voluntarily exposes himself to it, although not negligent in so doing, he is deemed to have assumed the risk and is precluded from a recovery for an injury resulting therefrom.'" Burke v. McKay, 268 Neb. 14, 20-21, 679 N.W.2d 418, 424 (2004), quoting Hollamon v. Eagle Raceway, Inc., 187 Neb. 221, 188 N.W.2d 710 (1971). As currently codified, "assumption of risk" as an affirmative defense means that "(1) the person knew of and understood the specific danger, (2) the person voluntarily exposed himself or herself to the danger, and (3) the person's injury or death or the harm to property occurred as a result of his or her exposure to the danger." Neb. Rev. Stat. § 25-21,185.12 (Reissue 1995). Accord Burke v. McKay, supra. See, Jay v. Moog Automotive, 264 Neb. 875, 652 N.W.2d 872 (2002); Pleiss v. Barnes, 260 Neb. 770, 619 N.W.2d 825 (2000).
Spence argues that "[t]he Supreme Court of Nebraska has ruled, on several occasions, an intoxicated guest passenger can assume the risk of riding with a drunk driver." Brief for appellee at 9. Spence cites, in support of this statement, the cases of Fortin v. Hike, 205 Neb. 344, 287 N.W.2d 681 (1980); Sandberg v. Hoogensen, 201 Neb. 190, 266 N.W.2d 745 (1978); Circo v. Sisson, 193 Neb. 704, 229 N.W.2d 50 (1975); Raskey v. Hulewicz, 185 Neb. 608, 177 N.W.2d 744 (1970); and Brackman v. Brackman, 169 Neb. 650, 100 N.W.2d 774 (1960). Spence further asserts that "[i]n Brackman, supra, the court held the plaintiff passenger assumed the risk of his injury because he rode in the car with a driver who[m] he knew, or in the exercise of ordinary care and diligence should have known, was intoxicated. Id. at 659." Brief for appellee at 10.
Our review of Brackman v. Brackman, supra, however, indicates that the case does not involve an intoxicated guest passenger, a drunk driver, or the use of alcohol at all. Rather, the case involved an injury sustained by the operator of a corn picker and a suit against the operator's employer. Although the case includes a discussion of assumption of the risk, the case neither stands for the proposition set forth by Spence nor includes the holding indicated by Spence and supported by Spence with a pinpoint cite. Similarly, Fortin v. Hike, supra, also cited by Spence as a case wherein the Supreme Court found a guest passenger had assumed the risk of riding with a drunk driver, involved neither a guest passenger nor any assertion of assumption of risk; rather, the case involved questions of intoxication as evidence of negligence, not assumption of risk.
The inexplicable references to and erroneous discussion of Brackman v. Brackman, supra, and Fortin v. Hike, supra, notwithstanding, Spence is correct in asserting that the Nebraska Supreme Court has previously held that a guest passenger may be held to have assumed the risk of riding with a drunk driver. In Sandberg v. Hoogensen, supra, Dean M. Sandberg was a guest passenger in a vehicle driven by DeVern Hoogensen after the two men had been drinking together for several hours and an intoxicated Hoogensen had an accident that resulted in the death of both Hoogensen and Sandberg. The Supreme Court specifically held that a guest may be guilty of contributory negligence or assumption of risk by riding or continuing to ride with a driver whom the guest knows or, in the exercise of ordinary care and diligence, should know is so intoxicated that the driver is unable to operate the vehicle with proper prudence or skill. The court found the evidence sufficient to demonstrate that Sandberg knew or should have known that Hoogensen's state of intoxication was such that it would be dangerous to ride with him, and the court held that it was appropriate for it to instruct the jury on Hoogensen's estate's affirmative defense of assumption of risk. See, also, Raskey v. Hulewicz, supra (evidence warranted assumption of risk instruction in case involving guest passenger and drunk driver).
It is worth noting that since the Nebraska Supreme Court's decisions in Sandberg v. Hoogensen, supra, and Raskey v. Hulewicz, supra, the statute authorizing and defining assumption of risk has undergone one minor change. As Spence recognizes in his brief, Nebraska implemented its current form of comparative negligence in 1992. See Neb. Rev. Stat. § 25-21,185.07 et seq. (Reissue 1995). In so doing, the Legislature used § 25-21,185.12 to add the word "specific" to the element that assumption of risk requires the person to have known and understood the specific danger. See, also, Pleiss v. Barnes, 260 Neb. 770, 619 N.W.2d 825 (2000). As such, a review of the Supreme Court's assumption of risk cases since this statutory change is necessary to determining the application of the assumption of risk statute to a case involving a guest passenger riding with a drunk driver.
In Pleiss v. Barnes, supra, the plaintiff brought a negligence action against a homeowner for injuries the plaintiff suffered as a result of a fall from a ladder while assisting in shingling the homeowner's roof. The evidence demonstrated that the fall occurred when the ladder "flipped, twisted, and started to slide,' causing [the plaintiff] to fall from the ladder." Id. at 771, 619 N.W.2d at 827. The plaintiff argued that an assumption of risk instruction was not warranted because the homeowner had failed to show that the plaintiff understood the specific danger which caused him to fall. Although there was evidence that the plaintiff knew ladders could "`get shaky and fall,'" there was no evidence that the plaintiff was aware that the particular ladder, either because of its placement or because it was not tied down, created a specific danger that it could flip, twist, and slide, causing the plaintiff to fall. Id. Because the evidence failed to demonstrate any knowledge on the part of the plaintiff concerning the specific danger that caused his injurythe ladder flipping, twisting, and sliding, causing him to fallan instruction on assumption of risk was not warranted.
Conversely, in Burke v. McKay, 268 Neb. 14, 679 N.W.2d 418 (2004), the Supreme Court found that the plaintiff had assumed the risk as a matter of law. In Burke v. McKay, the plaintiff was injured while competing in a high school rodeo when the horse he was riding "`stood up on his back legs and threw himself to the rear in such a way that [the horse] fell over backwards, suddenly crushing [the plaintiff] between [the horse's] back and the ground.'" Id. at 18-19, 679 N.W.2d at 422. In Burke v. McKay, the evidence demonstrated that the plaintiff had observed the same horse act in the same manner, falling backward onto its rider, on a previous occasion. As such, the Supreme Court held that the evidence demonstrated that the plaintiff knew of and understood the specific risk posed by the horse.
[3] The doctrine of assumption of risk applies a subjective standard, geared to the individual plaintiff and his or her actual comprehension and appreciation of the nature of the danger he or she confronts. Burke v. McKay, supra; Pleiss v. Barnes, supra. In Pleiss v. Barnes, the evidence failed to demonstrate that the plaintiff had actual comprehension or appreciation of the danger that the ladder might flip, twist, and slide, causing him to fall, and thus the plaintiff did not assume the risk of that injury. In Burke v. McKay, the evidence did demonstrate that the plaintiff had actual comprehension or appreciation of the danger that the horse might fall over backward, suddenly crushing the plaintiff between the horse and the ground, and thus the plaintiff did assume the risk of that injury. We find the present case to be more similar to Burke v. McKay than Pleiss v. Barnes.
The record in the present case demonstrates that Daubenmier knew that it was dangerous to get into a car with somebody who had been drinking and knew that doing so could lead to death or serious injury. Daubenmier knew that both he and Spence had "more than average" to drink and had been drinking "fairly heavy." Daubenmier knew of the specific danger that caused his injury in this case: a driver who has had too much to drink might have an accident, resulting in death or serious injury. Just as the evidence supported a finding that the plaintiff in Burke v. McKay knew of the specific danger that caused his injury, the evidence supported such a finding in the present case. As such, the evidence was sufficient to support the giving of an assumption of risk instruction.

(b) Cumulative, Confusing, and Misleading
Daubenmier next argues that the assumption of risk instructions actually given were cumulative, confusing, and misleading. We find no merit to this assertion.
The instructions given to the jury included two instructions that explained the assumption of risk defense. These two instructions followed the recommended pattern jury instructions and only repeated the burden placed upon Spence to prove all three elements of the assumption of risk defense. The instructions also correctly set forth Nebraska law concerning assumption of risk, consistent with the above discussion of the defense. The instructions were not cumulative, were not confusing and misleading, and were not erroneous.

(c) Constitutionality of Statute
Finally, Daubenmier argues that the statute authorizing and defining assumption of risk as an affirmative defense violates plaintiffs' equal protection rights and is unconstitutional. We conclude that Daubenmier failed to properly raise this claim involving the constitutionality of the statute.
[4,5] As the Nebraska Supreme Court recently noted, cases "`involving the constitutionality of a statute' bypass the Nebraska Court of Appeals and are taken directly to the Nebraska Supreme Court. State v. Nelson, 274 Neb. 304, 308, 739 N.W.2d 199, 203 (2007). See, also, Neb. Rev. Stat. § 24-1106(1) (Reissue 1995). However, the mere assertion that a statute may be unconstitutional does not automatically deprive the Court of Appeals of jurisdiction over the case. State v. Nelson, supra. Rather, for a claim concerning the constitutionality of a statute to deprive the Nebraska Court of Appeals of jurisdiction, a variety of other requirements must be met.
[6,7] First, for the constitutionality of a statute to be genuinely involved in an appeal, the constitutional issue must be real and substantial, not merely colorable. Id. For example, where the constitutional challenge being raised has previously been resolved by the Nebraska Supreme Court, the case merely requires an application of unquestioned and unambiguous constitutional provisions, and jurisdiction to so hold lies in the Nebraska Court of Appeals. Id. Our research indicates that the constitutionality of § 25-21,185.12 was raised in Pleiss v. Barnes, 260 Neb. 770, 619 N.W.2d 825 (2000), but the Supreme Court declined to resolve the issue. As such, it appears that Daubenmier has raised a real and substantial constitutional issue.
[8-11] Nonetheless, in addition to raising a real and substantial constitutional issue, a litigant seeking to challenge the constitutionality of a statute is required to comply with other clearly established procedural steps. When necessary to a decision in the case before us, the Nebraska Court of Appeals does have jurisdiction to determine whether a constitutional question has been properly raised. Olson v. Olson, 13 Neb. App. 365, 693 N.W.2d 572 (2005). To properly raise a challenge to the constitutionality of a statute, a litigant is required to strictly comply with Neb. Ct. R. of Prac. 9E (rev. 2006) and to properly raise and preserve the issue before the trial court. See, Olson v. Olson, supra (requiring strict compliance with rule 9E); State v. McKee, 253 Neb. 100, 568 N.W.2d 559 (1997) (requiring raising and preserving the issue before trial court). See, also, State v. Schreck, 226 Neb. 172, 409 N.W.2d 624 (1987) (failure to properly raise constitutionality issue in trial court results in waiver of issue). Additionally, if a statute is alleged to be unconstitutional, the Attorney General must be served with a copy of the proceeding and be entitled to be heard. Neb. Rev. Stat. § 25-21,159 (Cum. Supp. 2006).
Although the record in the present case indicates that Daubenmier asserted his challenge to the constitutionality of § 25-21,185.12 at the trial level and the trial court ruled on the challenge, and that Daubenmier complied with the requirements of rule 9E, the record does not indicate that Daubenmier served the Attorney General with a copy of the proceeding at the trial level. As a result, we conclude that Daubenmier's constitutional question has not been properly raised.

2. SEATBELT INSTRUCTION
Daubenmier next asserts that the district court erred in instructing the jury on Spence's defense that Daubenmier failed to mitigate his damages because he failed to wear his seatbelt. Daubenmier argues that the evidence was insufficient to support giving the instruction because the evidence did not establish that Daubenmier failed to wear his seatbelt and because the evidence indicated that he could have suffered the injuries even if he had been wearing a seatbelt. We conclude that we do not need to address whether the evidence was sufficient to warrant this instruction because the record demonstrates that the jury did not reach this issue.
[12,13] In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. McClure v. Forsman, 9 Neb. App. 669, 617 N.W.2d 640 (2000). Jury instructions are subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects the substantial rights of the complaining party. Id.
Instruction No. 2 directed the jury, if it found that Spence had proven his affirmative defense of assumption of risk, to use verdict form No. 1 and enter an award of $0. Instruction No. 2 also directed the jury, if it found that Daubenmier had not assumed the risk, to use verdict form No. 2 and then compute the amount of monetary damages to be awarded to Daubenmier. Instruction No. 14 directed the jury, if it assessed monetary damages against Spence, to reduce the amount of damages awarded according to directions given by the court. Because the jury returned verdict form No. 1, it is clear that the jury found that Spence had proven his affirmative defense of assumption of risk, awarded no monetary damages to Daubenmier, and never considered the instruction concerning how to reduce the damages award because of the seatbelt defense.
The record makes it clear in this case that the jury never reached the issue of the seatbelt defense. As such, we need not consider Daubenmier's arguments concerning the validity of the instruction. This assigned error is without merit.

3. VERDICT FORMS
Daubenmier next asserts that the verdict forms given by the district court were confusing. Specifically, Daubenmier argues that the combination of the seatbelt instruction and verdict form No. 2 was confusing to the jury because verdict form No. 2 failed to mention the seatbelt instruction or its calculation for reducing the damages award.
As noted, the jury in this case used verdict form No. 1, found that Spence had proven his assumption of risk defense, and awarded no monetary damages to Daubenmier. The jury did not reach verdict form No. 2 and never considered how to reduce a damages award, pursuant to the seatbelt instruction or otherwise. As such, the potential confusion argued by Daubenmier could not have occurred in this case. This assigned error is without merit.

IV. CONCLUSION
We find no merit to Daubenmier's assignments of error. We find that the evidence was sufficient to support instructing the jury on assumption of risk and that the instructions given were not cumulative, confusing, or misleading. This court cannot address the constitutional issue raised by Daubenmier. We also find that any potential errors concerning the seatbelt instruction or verdict form No. 2 would have been harmless error because the jury never reached the seatbelt defense. We affirm.
AFFIRMED.